[No. B076762. Second Dist., Div. Five. Dec. 16, 1993.]

SAY & SAY, INC., Plaintiff and Appellant, v.
DAVID EBERSHOFF et al., Defendants and Respondents.

COUNSEL

James L. Andion and Lawrence B. Yang for Plaintiff and Appellant.

Jeffer, Mangels, Butler & Marmaro, Marc Marmaro, Susan C. V. Jones, Quinn, Kully & Morrow, David S. Eisen and D. Jay Ritt for Defendants and Respondents.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

In this case, we determine that plaintiff, Say & Say, Inc., a corporation, is subject to the vexatious litigant law. (Code Civ. Proc.,[1] § 391 et seq.) Accordingly, we issue a prefiling order pursuant to section 391.7, subdivision (a)[2] and direct that Say & Say, Inc., within 10 days secure an order from the presiding justice of this division permitting the continuation of the present litigation.

---

[1] All future statutory references are to the Code of Civil Procedure.

[2] Section 391.7, subdivision (a), which is part of the vexatious litigant law, states: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of such an order by a vexatious litigant may be punished as a contempt of court."

## II. Factual and Procedural History

### A. *The Present Case*

Although some of the pertinent factual matters involve events apart from the present lawsuit, we will begin the recitation of the procedural background by discussing the present litigation. When suit was initially filed on July 31, 1992, the only plaintiff was L. Shieh, who was in fact an attorney, Liang-Houh Shieh. The initial complaint named 548 defendants and contained 78 separate causes of action for legal and equitable relief. Virtually all of the named defendants were lawyers. Say & Say, Inc., was not named in the original complaint; rather, only Mr. Shieh was listed as a plaintiff.

On January 15, 1993, various defendants, all lawyers or law firms, filed a motion to have Mr. Shieh declared to be a vexatious litigant. On February 18, 1993, the motion was granted. Mr. Shieh was declared to be a vexatious litigant and required to post a bond pursuant to section 391.3.[3] Meanwhile, on May 18, 1993, the first amended complaint containing 86 causes of action was filed. Say & Say, Inc., was listed along with Mr. Shieh in the first amended complaint. In other words, the first amended complaint naming Say & Say, Inc., as a plaintiff was filed only after Mr. Shieh had been found to be a vexatious litigant.[4] When no security was posted, on June 3, 1993, the present case was dismissed by Judge Ronald E. Cappai, as to Mr. Shieh, pursuant to section 391.4.[5] On June 30, 1993, both Say & Say, Inc., and Mr. Shieh filed a notice of appeal from the dismissal order. Say & Say, Inc., filed the notice of appeal despite the fact it was not named in the dismissal order.

On August 30, 1993, in this court, both Mr. Shieh and Say & Say, Inc., filed a motion for relief from default for failure to timely designate the record on appeal. We noted that Mr. Shieh had previously been found to be a vexatious litigant and was subject to a prefiling order pursuant to section 391.7, subdivision (a). We issued a stay order pursuant to section 391.7,

---

[3] Section 391.3 provides, "If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."

[4] As will be noted later in this opinion, by the time the first amended complaint was filed on May 18, 1993, Mr. Shieh had also been found to be a vexatious litigant by another superior court judge.

[5] Section 391.4 states, "When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished."

subdivision (c)[6] as permitted by our opinion in *Andrisani* v. *Hoodack* (1992) 9 Cal.App.4th 279, 281 [11 Cal.Rptr.2d 511]. Mr. Shieh was given 10 days to explain why the present litigation had merit pursuant to section 391.7, subdivision (b).[7] A response was filed. On October 20, 1993, we concluded Mr. Shieh failed to demonstrate that the present litigation had merit. We further concluded that the present litigation was maintained for "purposes of harassment . . . ." (§ 391.7, subd. (b).) Accordingly, we dismissed Mr. Shieh's appeal.

On October 27, 1993, we issued an "order to show cause re vexatious litigant" for Say & Say, Inc. Responses have been filed. Counsel for Say & Say, Inc., has filed an 8,007-page appendix in addition to a 77-page written opposition. On December 7, 1993, oral argument was held in connection with the order to show cause.

B. *Cases where Mr. Shieh has been adjudicated a vexatious litigant*

On several occasions, Mr. Shieh has been declared to be a vexatious litigant. On November 17, 1992, Los Angeles Superior Court Judge Edward Y. Kakita found Mr. Shieh to be a vexatious litigant in case Nos. BC054981 and BC059833. Judge Kakita ordered that a security be posted as a condition of continuing with the litigation and required Mr. Shieh to secure a prefiling order in the future. Judge Kakita's written order was filed on December 11, 1992. On December 11, 1992, Mr. Shieh was again found to be a vexatious litigant in Los Angeles Superior Court case No. BC054981 by Judge Kakita. In the present case, on February 18, 1993, the vexatious litigant motion was granted by Judge Jerold A. Krieger. Judge Krieger ordered that Mr. Shieh post a security pursuant to section 391.4. On April 22, 1993, Judge Kakita, in case No. BC059833, again found Mr. Shieh to be a vexatious litigant, subjected him to a prefiling order, and required a security be posted. On

---

[6]Section 391.7, subdivision (c) states: "The clerk shall not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding judge permitting the filing. If the clerk mistakenly files the litigation without such an order, any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of such a notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of such notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in subdivision (b). If the presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of any such order."

[7]Section 391.7, subdivision (b) states: "The presiding judge shall permit the filing of such litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3."

August 12, 1993, our colleagues in Division One of this appellate district found Mr. Shieh to be a vexatious litigant. (*In re Shieh* (1993) 17 Cal.App.4th 1154, 1166-1168 [21 Cal.Rptr.2d 886].)

### C. *Litigation involving both Say & Say, Inc., and Mr. Shieh commenced in state and federal courts after Judge Kakita's November 17, 1992, vexatious litigant order*

After Judge Kakita first found him to be a vexatious litigant on November 17, 1992, Mr. Shieh continued to file lawsuits almost exclusively naming lawyers as defendants. Virtually every lawsuit involved attempts to relitigate Mr. Shieh's claims against various lawyers and law firms. (*In re Shieh, supra,* 17 Cal.App.4th at pp. 1155-1166.) However, having been found to be a vexatious litigant, he also consistently joined Say & Say, Inc., as a plaintiff, along with himself. First, on March 4, 1993, Mr. Shieh and Say & Say, Inc., sued six lawyers in Orange County Superior Court case No. 706438. All of the six defendants had previously been sued in the case in which Judge Kakita found Mr. Shieh to be a vexatious litigant or in the present lawsuit. As stated previously, Mr. Shieh sued the 548 defendants in the present case on July 31, 1992. Second, on March 4, 1993, Mr. Shieh and Say & Say, Inc., jointly sued 68 defendants in Orange County Superior Court case No. 706439. All of the defendants had previously been named in the present lawsuit which was filed on July 31, 1992. Third, on March 30, 1993, Mr. Shieh and Say & Say, Inc., filed suit against 251 defendants, all of whom were sued in the present case. This third lawsuit was filed in Orange County Superior Court and was assigned case No. 707971. Fourth, on May 18, 1993, the first amended complaint was filed in the present case. As indicated earlier, the original complaint only listed Mr. Shieh as a plaintiff. However, the first amended complaint listed Say & Say, Inc., as well as Mr. Shieh as plaintiffs. Fifth, on June 2, 1993, Say & Say, Inc., and Mr. Shieh sued 25 defendants in Orange County Superior Court case No. 711618. Four of those persons sued were likewise defendants in the present case. Sixth, on June 2, 1993, in Orange County Superior Court case No. 711620, Mr. Shieh and Say & Say, Inc., sued 166 lawyers, all of whom were at one time employed by the law firm of O'Melveny & Myers. Seventh, on June 9, 1993, Mr. Shieh and Say & Say, Inc., sued a single defendant, a lawyer, in Los Angeles Superior Court case No. BC082713. Eighth, on June 9, 1993, Mr. Shieh and Say & Say, Inc., sued 80 defendants in Los Angeles Superior Court case No. BC082724. Seventy-nine of them were named defendants in the present suit. Ninth, on June 9, 1993, in Los Angeles Superior Court case No. BC082778, Mr. Shieh and Say & Say, Inc., sued 289 defendants, all lawyers who were present or former employees of the law firms of Gibson, Dunn & Crutcher and O'Melveny & Myers. Tenth, on June 9, 1993, in Los

Angeles Superior Court case No. BC082783, both Say & Say, Inc., and Mr. Shieh sued 47 defendants. All but one defendant had been sued in the present case which is the subject of this appeal. Eleventh, in United States District Court for the Central District of California in case No. 936547KN, Say & Say, Inc., and Mr. Shieh sued Judge Kakita and Presiding Justice Vaino Spencer of Division One of this appellate district, who wrote the opinion in the case of *In re Shieh, supra,* 17 Cal.App.4th at pages 1165-1168. Twelfth, on December 3, 1933, five days before oral argument in this case, both Say & Say, Inc., and Mr. Shieh filed suit against: Judge Krieger; Judge Cappai; the author of this opinion; Associate Justice Margaret M. Grignon, a signatory to this opinion; and Associate Justice Ramona Godoy Perez who sits on this division of the Court of Appeal. Suit was filed in the United States District Court for the Central District of California in case No. 937310WDK(SX).[8] To sum up, on 12 occasions after Judge Kakita first found him to be a vexatious litigant, Mr. Shieh adopted the practice of

---

[8]Since suit was filed against three justices in this division, it is mandatory that the signatories to this opinion consider the ethical propriety of our deciding the merits of the order to show cause issued on October 27, 1993. To begin with, Mr. Shieh and Say & Say, Inc., regularly sue judges or justices who find them to be vexatious litigants. If we were to disqualify ourselves and this case were to be assigned to another division, suit would inevitably be filed against the new justices by Mr. Shieh and Say & Say, Inc. The consistent conduct of Mr. Shieh and Say & Say, Inc., is to sue judicial officers who find them accountable under the vexatious litigant statute. The "rule of necessity" permits a court of justices who would otherwise be disqualified to decide an issue when no judicial officers are available to decide a case. (*Mosk* v. *Superior Court* (1979) 25 Cal.3d 474, 486-487, fn. 9 [159 Cal.Rptr. 494, 601 P.2d 1030].) More importantly, however, the purpose of the December 3, 1993, federal court suit was to force this court to disqualify itself. We have reviewed carefully the allegations in the federal complaint. They are frivolous and are part of an effort to delay and frustrate the rights of defendants to have this litigation be brought to an end, if such is the appropriate disposition. Under these circumstances, recusal may be inappropriate. (*First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860, 866-867 [261 Cal.Rptr. 116].) Also, none of the grounds for disqualification set forth in section 170.1 exist. We have no personal animus toward Mr. Shieh or Say & Say, Inc., rather we are merely making rulings on the legal and factual issues before this court which is not a ground for disqualification. (§ 170.2, subd. (b).)

Finally, we have carefully considered the due process rights of Say & Say, Inc., to have its case determined by a " 'neutral and detached judge in the first instance' . . . ." (*Concrete Pipe* v. *Pension Trust* (1993) 508 U.S. __ [124 L.Ed.2d 539, 560, 113 S.Ct. 2264].) Its federal suit is frivolous and no member of this court will undergo the slightest potential liability. Not only have we always acted appropriately towards Say & Say, Inc., but we are immune from any tort liability. (*Mireles* v. *Waco* (1991) 502 U.S. 9 [116 L.Ed.2d 9, 13-15, 112 S.Ct. 286]; *City of Santa Clara* v. *County of Santa Clara* (1969) 1 Cal.App.3d 493, 498 [81 Cal.Rptr. 643].) Further, we will be represented at no cost to ourselves by California's Attorney General. We must recuse ourselves if we would "be '[un]likely to maintain that calm detachment necessary for fair adjudication.' [Citation.]" (*Taylor* v. *Hayes* (1974) 418 U.S. 488, 501 [41 L.Ed.2d 897, 909, 94 S.Ct. 2697].) In determining whether we should disqualify ourselves we must assure the public and the litigants of the following: "In making this ultimate judgment, the inquiry must be not only whether there was actual bias on [the judge's] part, but also whether there was 'such a likelihood of bias or an appearance of bias that the

joining Say & Say, Inc., as a plaintiff in lawsuits. Additionally, since Judge Kakita's November 17, 1992, order, on 11 occasions, both Say & Say, Inc., and Mr. Shieh have jointly commenced litigation in this court either by way of petitions for extraordinary relief or the filing of notices of appeal.

### D.  The status of Say & Say, Inc., as a corporation

The following constitutes the pertinent evidence concerning the corporate nature of Say & Say, Inc., presented to us. The incorporator was Mr. Shieh's wife. Mr. Shieh told a paralegal he would "control the corporation" and to "create a 'barrier.'" Also, Mr. Shieh stated that he used his wife's name in connection with the corporation "to mask his participation" and "because he did not want to appear as the owner of the corporation." Mr. Shieh had been discharged by the law firm of Fulbright & Jaworski, was in litigation because of the termination, and he desired to use the corporation in "order to keep up the pretense of not being able to practice law." It was only after the law firm of Fulbright & Jaworski sued him that Say & Say, Inc., was formed.[9]

Despite the fact that the corporation allegedly had its offices at 301 Lake Street in Pasadena, it was not listed on the building directory. The corporation operated in Mr. Shieh's offices. A secretary and a paralegal never saw any mail directed to Say & Say, Inc. Further, they never saw any letterhead bearing the name of or other documents addressed to Say & Say, Inc. Nobody ever called the offices asking for Say & Say, Inc. None of the employees of the corporation or Mr. Shieh had ever heard of the president of the entity, K. L. Hung. The corporation had several employees some of whom were lawyers. The only person with the authority to pay his own or corporate employees was Mr. Shieh and he had the sole power to hire and fire personnel. The lawyers who were employed by Say & Say, Inc., were all supervised by Mr. Shieh and their contracts provided he was to review all of their work. According to a paralegal who was employed by Mr. Shieh, not

judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused.'" (*Ibid.*) As noted previously, we are not biased against Say & Say, Inc. Further, the lawsuit of Say & Say, Inc., filed for the purpose of delay and frustration of the rights of defendants and the public's interest in enforcing the vexatious litigant statute does not create an appearance of injustice, if we comply with our own judicial duties to resolve litigation such as the present suit. (*Marshall* v. *Jerrico, Inc.* (1980) 446 U.S. 238, 243 [64 L.Ed.2d 182, 188-189, 100 S.Ct. 1610]; *In re Murchison* (1955) 349 U.S. 133, 136 [99 L.Ed.2d 942, 946, 75 S.Ct. 623].) We are not "embroiled" with Say & Say, Inc. (*Taylor* v. *Hayes, supra,* 418 U.S. at pp. 501-503 [41 L.Ed.2d at pp. 909-910].) We are simply dispassionately enforcing California's vexatious litigant law. Accordingly, having considered these ethical and constitutional issues, we decline to recuse ourselves on our own motion. Counsel for Say & Say, Inc., has made no such motion nor raised any due process concerns.

[9]The lawsuit resulted in a substantial judgment against Mr. Shieh.

the corporation, her employer personally reviewed all work leaving the office. Employees stated under oath that "Say" was an anglicized version of "Shieh." The person designated as the agent for service of process for Say and Say, Inc., did not reside at the address listed with the Secretary of State. The residence was occupied by a person who rented the home from Mr. Shieh.

Despite the fact the corporation was used to provide legal services, it was listed with the Secretary of State as an export-import firm. All of the employees at the 301 North Lake Avenue address were involved in providing legal services. Furthermore, when two of his former employees filed claims concerning unpaid wages against Mr. Shieh, he argued they were employees of Say & Say, Inc. Neither of the employees had ever been employed by Say & Say, Inc.

On two occasions, there have been judicial determinations that Say & Say, Inc., and Mr. Shieh are the alter egos of one another. In the decision in *In re Shieh, supra,* 17 Cal.App.4th at page 1162, footnote 3, the court noted, "Say & Say is a corporation owned and controlled solely by Shieh." Furthermore, on July 29, 1993, Judge Kakita found Say & Say, Inc., was the alter ego of Mr. Shieh in case No. BC059833. Judge Kakita amended the judgment of dismissal to add Say & Say, Inc., after the lawsuit was dismissed pursuant to section 391.4 when Mr. Shieh, after having been found to be a vexatious litigant, failed to post a court ordered security imposed in compliance with section 391.3.

Finally, there is evidence Mr. Shieh cannot pay his debts. In the decision of *In re Shieh, supra,* 17 Cal.App.4th at page 1168, the court noted that he has been unable to pay $305,326.90 in sanctions. Further, he was unable to pay two of his employees. As noted earlier, at the hearings involving the claims for unpaid wages, Mr. Shieh claimed they were employees of Say & Say, Inc.

## III. DISCUSSION

The foregoing recitation of the factual and procedural history of Mr. Shieh's misconduct and his use of Say & Say, Inc., to continue his persistent misuse of the litigation system would at first blush appear to be a problem the vexatious litigant law cannot resolve. This is because section 391, subdivision (b)[10] defines a vexatious litigant as a person who has in the past appeared in propria persona in civil litigation. A corporation can never

---

[10]Section 391, subdivision (b) states in pertinent part: " 'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has

appear in this or the superior court in civil or criminal litigation except in limited circumstances in some small claims litigation in propria persona. (§ 87; *Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, 729 [147 Cal.Rptr. 631, 581 P.2d 636]; *Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897, 898 [195 P.2d 867].) Further, we have never been directed to any evidence Say & Say, Inc., has ever attempted to appear without counsel in any litigation. However, when well-established principles ·concerning disregarding the corporate fiction and utilization of a corporation to avoid a statute are applied to this case, we conclude Say & Say, Inc., is subject to the vexatious litigant law. Further, we find as a factual matter it would be inequitable to allow the corporate fiction to permit Say & Say, Inc., to avoid the effect of section 391 et seq.

Normally, a corporation is a legal person or entity which has a separate existence from that of its shareholders or officers. The California Supreme Court has noted: "It is fundamental, of course, that a 'corporation is a distinct legal entity separate from its stockholders and from its officers.' [Citation.] 'A corporation . . . in its corporate . . . rights and liabilities . . . is as distinct from the persons composing it, as an incorporated city is from an inhabitant of that city.' [Citations.]" (21 Cal.3d at pp. 729-730.) However, the corporate entity may be disregarded under certain circumstances. Justice Mosk in *Mesler* v. *Bragg Management Co.* (1985) 39 Cal.3d 290, 300 [216 Cal.Rptr. 443, 702 P.2d 601] stated: "The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. [Citation.] In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation: 'As a separate personality of the corporation is a statutory privilege, it must be used for legitimate business purposes and must not be perverted. When it is abused it will be disregarded and the corporation looked at as a collection or association of individuals, so that the corporation

commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. [¶] (2) After a litigation has been finally determined against the person, repeatedly litigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation ·was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or are solely intended to cause unnecessary delay. [¶] (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

will be liable for acts of the stockholders or the stockholders liable for acts done in the name of the corporation.' [Citation.] [¶] There is no litmus test to determine when the corporate veil will be pierced; rather, the result will depend on the circumstances of each particular case. There are, nevertheless, two general requirements: '(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.' [Citation.] And 'only a difference in wording is used in stating the same concept where the entity sought to be held liable is another corporation instead of an individual.' [Citation.]") (*Id.* at p. 300.) Justice Mosk concluded: "The essence of the alter ego doctrine is that justice be done. 'What the formula comes down to, once shorn of verbiage about control, instrumentality, agency, and corporate entity, is that liability is imposed to reach an equitable result.' [Citation.] Thus the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require." (*Id.* at p. 301.)

One of the "narrowly defined circumstances" (*Mesler* v. *Bragg Management Co.*, *supra*, 39 Cal.3d at p. 301) where the corporate form will be disregarded occurs when a corporation is used to avoid the effect of a statute. One commentator described the development of the law in this regard as follows: "In a number of cases, the issue of *alter ego* has been discussed in the context of the interpretation of a statutory provision, where the strict application of the concept of separate corporate personality would render a statute inapplicable. The number of these cases has declined in recent years, due to the increasing astuteness of legislators in imposing prohibitions, not only upon the primary targets, but also upon any corporations affiliated with them or 'controlling, controlled by or under a common control with' the primary subjects of the regulation. The significant factors in this type of case are the strength of the policy behind the statutory regulation as perceived by the court, and the indications from the legislative history of the statute as to whether the omission of certain affiliated parties was merely inadvertent or perhaps deliberate on the part of the legislative body." (1 Marsh, Cal. Corporation Law (3d ed. 1993) § 5.8, pp. 297-298.) At oral argument, counsel for Say & Say, Inc. agreed the foregoing principle was an accurate statement of California law, although he disputed its application to his client.

For example, in *H. A. S. Loan Service, Inc.* v. *McColgan* (1943) 21 Cal.2d 518, 521 [133 P.2d 391, 145 A.L.R. 349], two corporations were formed with substantially the same stock ownership. The first entity was a lending corporation. The second entity was a corporation acting in the role of a broker. The costs charged to the borrower by both companies exceeded the maximum rate of interest. It was alleged that because the two corporations

together made separate charges which exceeded the legal rate, the entire loan was usurious. The California Supreme Court concluded that it was appropriate to disregard the fact that there were two separate corporate entities. Rather, in determining whether the total charges for loans exceeded the legal rate, it was appropriate to consider whether the two companies engaged in a single business. The court concluded: "Under the circumstances here presented the two corporate entities were in fact one, or if they be considered separate, two, in effect, engaged in a single business. The corporate entity may be disregarded when it is used to evade the law." (*Id.* at p. 523; accord, *Wheeler* v. *Superior Mortgage Co.* (1961) 196 Cal.App.2d 822, 831 [17 Cal.Rptr. 291].)

Additionally, in *People* v. *Anderson* (1991) 1 Cal.App.4th 1084, 1091-1092 [3 Cal.Rptr.2d 247], the Court of Appeal rejected a contention that the owners of a corporation could not be criminally liable for that entity's violations of the Business and Professions Code. However, the Court of Appeal concluded: "Nor may the corporate form be 'used by an individual or individuals . . . to perpetrate a fraud, *circumvent a statute*, or to accomplish some other wrongful or inequitable purpose[;] a court may disregard the corporate entity and treat the acts as if they were done by the individuals themselves or by the controlling corporation.' [Citations.]" (*Id.* at p. 1092; original italics; accord, *Jack P. Meyers, Inc.* v. *Alcoholic Bev. etc. Appeals Bd.* (1965) 238 Cal.App.2d 869, 873-874 [48 Cal.Rptr. 259].)

We conclude based on the foregoing authority, that this is an appropriate case in which to hold the corporation responsible for the acts of the individual who dominates and controls it. (*In re Shieh, supra,* 17 Cal.App.4th at p. 1162, fn. 3.) The purpose for which the corporation was formed was to protect Mr. Shieh from the consequences of litigation. All of the conduct of the corporate employees was subject to Mr. Shieh's personal supervision. There was a disregard of corporate formalities. Employees of Mr. Shieh would work with attorneys who were employed by the corporation. There is no evidence of any separateness between the conduct of Mr. Shieh and the manner in which he conducted his activities at 301 North Lake Avenue and those of the corporation.

Further, since Judge Kakita determined that Mr. Shieh was a vexatious litigant, 12 separate pieces of litigation have been filed in state and federal trial courts. Each of these pieces of litigation have named both Mr. Shieh and Say & Say, Inc. We conclude the only purpose for which this has been done is to evade the effects of the vexatious litigant law. Moreover, on 11 occasions since Judge Kakita's November 17, 1992, appellate court litigation has been instituted jointly by Mr. Shieh and his corporation. It would be

inequitable to allow Mr. Shieh to utilize Say & Say, Inc., to continue with his misuse of the litigation process directed at members of the legal community. Accordingly, because we conclude that Say & Say, Inc., has been used to circumvent section 391 et seq., compelling interests in equity warrant the conclusion that Say & Say, Inc., is subject to the vexatious litigant law.

Accordingly, we find Say & Say, Inc., to be a vexatious litigant.[11] It is now subject to a prefiling order in all of the courts of California. Pursuant to section 391.7, subdivisions (b) and (c), counsel for Say & Say, Inc., shall have 10 days in which to show that this "litigation has merit and has not been filed for the purposes of harassment or delay." Pending further order of the court, pursuant to section 391.7, subdivision (c), all proceedings are stayed during the 10-day period. In addressing the question of whether this litigation has merit and has been filed for a proper purpose, counsel for Say & Say, Inc., shall address the question of how his client can appeal from the dismissal when it is not mentioned in the order. Finally, pursuant to section 391.7, subdivision (d), the clerk of this court is directed to provide the Judicial Council with a copy of this opinion.[12]

## IV. DISPOSITION

Say & Say, Inc., is a vexatious litigant and shall have 10 days within which to show that the present litigation has merit.

Grignon, J., and Armstrong, J., concurred.

A petition for a rehearing was denied January 10, 1994, and appellant's petitions for review by the Supreme Court were denied January 12, 1994, March 2, 1994, and April 27, 1994.

---

[11]At oral argument we asked counsel for Say & Say, Inc., whether he was aware of any evidence the Legislature intended the vexatious litigant statute not to be applicable under these circumstances where a corporation is utilized specifically to avoid the impact of section 391 et seq. He was unable to find any such evidence. We too can find no evidence the Legislature intended to exclude entities such as Say & Say, Inc., from the scope of the vexatious litigant law when the corporation is used by an individual to circumvent the statute.

[12]We realize there may be other mechanisms for stopping a vexatious litigant such as a corporation which is controlled by an individual as is present in this case. For example, as noted previously, Judge Kakita has determined that Say & Say, Inc., is the alter ego of Mr. Shieh and amended an order of dismissal to include the corporation. Nothing in this opinion is to suggest that the sole method by which inequitable conduct such as that engaged in by Mr. Shieh and Say & Say, Inc., need be resolved by use of the prefiling order mechanism. Section 391.7, subdivision (a) makes it clear that the prefiling order mechanism is "[i]n addition to any other relief provided in this title . . . ."