UNITED COMPUTER SYSTEMS, INC., a California corporation, Plaintiff–Appellant,

v.

AT & T CORPORATION, a New York Corporation; AT & T Information System, Inc., a business entity unknown; AT & T Technologies, Inc., a business entity unknown; Lucent Technologies, Inc., a Delaware corporation; NCR Corporation, a Maryland corporation; Jan Stredicke, an individual;, Defendants–Appellees,

Steven J. STANWYCK, Real-party-in-interest–Appellant.

No. 03–55175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 2004.

Decided Sept. 2, 2004.

---

Steven J. Stanwyck, Esq., The Stanwyck Firm, APC, Santa Monica, CA, for Palintiff–Appellant.

William J. Kramer, Esq., Orrick, Herrington & Sutcliffe LLP, San Francisco, CA, for Defendant–Appellee.

Steven J. Stanwyck, Esq., The Stanwyck Firm, APC, Santa Monica, CA, for Appellant.

Before: CANBY, HANSEN,* and RAWLINSON, Circuit Judges.

### MEMORANDUM **

United Computer Systems ("UCS") and its lawyer/owner, Steven J. Stanwyck, appeal the district court's dismissal with prejudice of their case against AT & T[1] and its grant of AT & T's motion to declare UCS and Stanwyck vexatious litigants. We review *de novo* the district court's grant of a motion to dismiss, *see Edwards v. Marin Park, Inc.*, 356 F.3d

---

* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. AT & T includes AT & T Corporation, AT & T Information Systems, Inc., AT & T Technologies, Inc., Lucent Technologies, Inc., and NCR Corporation.

1058, 1061 (9th Cir.2004), and we review for an abuse of discretion the district court's vexatious litigant order. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990). We affirm.

In this appeal, UCS and Stanwyck seek to compel an arbitration that they have never paid for, and therefore have not properly initiated. In *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 766 (9th Cir.2002), we remanded this case to the district court to compel arbitration—the fourth arbitration demanded by UCS and Stanwyck (Arbitration IV)—provided that UCS "submit proof to the district court that it has properly initiated Arbitration IV by tendering the requisite filing fees" to the American Arbitration Association ("AAA").[2] We instructed the district court that, if such proof was not tendered, the case should be dismissed with prejudice. *See id.* Rather than pay the filing fee for Arbitration IV, UCS and Stanwyck submitted a filing fee along with new demand for arbitration to the AAA. This new demand for arbitration was made pursuant to Rule R–4 of the AAA Commercial Rules—the rule for initiation of a new arbitration—and it contained wholly new claims against AT & T, as well as declaratory relief claims against AAA. This submission was not sufficient to establish that Arbitration IV had been properly initiated, and the district court therefore correctly dismissed all of UCS's and Stanwyck's claims against AT & T with prejudice.

■ The district court did not abuse its discretion in declaring UCS and Stanwyck to be vexatious litigants nor in imposing a pre-filing order restricting UCS and Stanwyck from filing suit against AT & T in district court.[3] Under the All Writs Act, 28 U.S.C. § 1651(a), district courts "have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also De Long*, 912 F.2d at 1147; *Moy v. United States*, 906 F.2d 467, 469 (9th Cir.1990). UCS and Stanwyck have attempted to litigate some or all of their claims against AT & T in no fewer than five arbitrations and eight lawsuits, and have further attempted to sue attorneys and judges involved in the AT & T arbitrations and lawsuits ten times. Four of these lawsuits have resulted in declarations that UCS and/or Stanwyck were vexatious litigants and four of them have resulted in other sanctions being imposed on UCS and/or Stanwyck. There is thus no doubt that UCS and Stanwyck have an abusive and lengthy history of litigation against AT & T, its corporate affiliates, officers, and lawyers.

The district court's pre-filing order is narrowly tailored to address only this abuse. *See De Long*, 912 F.2d at 1148. The district court restricted UCS and Stanwyck from filing any action against AT & T, Lucent, NCR, or their corporate affiliates, officers, directors, employees, or

---

2. We also held that the parties in this case are diverse for purposes of subject matter jurisdiction. *See United Computer*, 298 F.3d at 763. Under the "law of the case" doctrine, we will not reconsider questions that "another panel has decided on a prior appeal in the same case." *Dean v. Trans World Airlines*, 924 F.2d 805, 810 (9th Cir.1991); *see also Ferreira v. Borja*, 93 F.3d 671, 673–74 (9th Cir.1996).

3. Because Stanwyck is not only UCS's attorney, but its sole owner and officer, and because Stanwyck so dominates and controls UCS that there is no longer any separation between the conduct of the individual and the corporation, *see Say & Say Inc. v. Ebershoff*, 20 Cal.App.4th 1759, 25 Cal.Rptr.2d 703, 710–11 (1993), both Stanwyck and UCS may be declared vexatious litigants.

attorneys, unless UCS or Stanwyck first obtains leave of the district court. We find no error in the district court's vexatious litigant order, nor in the pre-filing restriction.[4]

AT & T moved to sanction UCS and Stanwyck for filing a frivolous motion for an Order to Show Cause, and UCS and Stanwyck filed an opposition. AT & T's motion is GRANTED. This court has the inherent power to sanction a party for "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Recovery, however, "should never exceed those expenses and fees that were reasonably necessary to resist the offending action." *In re Yagman*, 796 F.2d 1165, 1185 (9th Cir.1986). We find that forty hours of work at a rate of $400 per hour was reasonably necessary to respond to UCS's and Stanwyck's frivolous motion. We therefore award AT & T $16,000 in attorney's fees against UCS and Stanwyck as a sanction for abuse of the judicial process.

**JUDGMENT AFFIRMED; SANCTIONS IMPOSED.**

---

4. We do not address the remainder of UCS and Stanwyck's arguments because UCS and Stanwyck either failed to support these issues with argument in their brief or failed to raise them before the district court. Issues raised in the brief but not supported by argument are deemed abandoned. *See Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 n. 5 (9th Cir.1993). Further, we do not generally consider issues raised for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir.1998).