Filed 5/31/24  Legal Recovery LLc v. Lei CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEGAL RECOVERY LLC,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CRYSTAL LEI, et al.,<br><br>        Defendants and Respondents. | A167818<br><br>(City & County of San Francisco Super. Ct. No. CGC-19-579664) |

Plaintiff Legal Recovery LLC (Legal Recovery) appeals the trial court's dismissal of its action against defendants and respondents Crystal Lei and her son Bryant Fu.  The court dismissed the action after Legal Recovery was determined to be a vexatious litigant and ordered to post security in the amount of $150,000, but failed to do so.  Legal Recovery contends the court erred in finding it the alter ego of vexatious litigants Demas Yan and Tina Yan[1] and in finding that there was no reasonable probability it would prevail in the litigation.  We find no error and affirm.  We further impose $9,750 in sanctions payable to respondents and $17,000 payable to the court against

---

[1] We refer to Demas Yan and Tina Yan by their first names to avoid confusion and mean no disrespect by it.  We also collectively refer to Demas and Tina as the Yans.

Legal Recovery, the Yans, and their counsel for filing this frivolous appeal. (Cal. Rules of Court, rule 8.276(a)(1).)

In imposing these sanctions, we note that our colleagues have repeatedly sanctioned the Yans for bringing meritless appeals.[2] Moreover, in *Yan v. Fu* (July 11, 2019, A155209) (*Yan*), another division of this court prohibited Demas from filing any new litigation, including any appeal, without leave from the presiding judge or justice. The Yans's use of Legal Recovery, a shell corporation, as a straw plaintiff in an attempt to evade the vexatious litigant orders is improper. And we will not hesitate to impose additional and more onerous sanctions should they bring another frivolous appeal either individually or through another straw entity.

## I. **BACKGROUND**

As summarized by our colleagues in prior unpublished opinions deciding appeals arising out of the Yans's conduct, Demas is a vexatious litigant and disbarred attorney who has engaged in frivolous and harassing litigation against Lei and Fu for over a decade.[3] Demas's mother, Tina, has assisted him in pursuing this frivolous litigation by serving as a plaintiff in lawsuits against Lei and Fu and has also been declared a vexatious litigant.

---

[2] We incorporate the unpublished opinion in *Lei v. Yan* (June 2, 2023, A164796) (*Lei I*), in which Division Three of this court imposed $8,500 in sanctions on its own motion against Tina and her counsel William Leeds Disston, Jr. (who is also the counsel of record in this case) for bringing a frivolous appeal against Lei and Fu. We also incorporate the unpublished opinion in *Lei v. Yan* (July 31, 2019, A155163) (*Lei II*), in which Division Four of this court imposed $8,500 in sanctions against Demas for bringing another frivolous appeal against Lei and Fu. The 2023 sanctions have been paid but the 2019 sanctions remain unpaid.

[3] The parties' longstanding dispute originates from a soured business partnership between Demas and Tony Fu (Lei's ex-husband and Fu's father) which first resulted in litigation in 2004. To avoid confusion with Bryant Fu, we refer to Tony Fu by his first name.

For example, in 2013, a bankruptcy court presiding over Demas's bankruptcy proceedings found that he had "improperly commenced" five state court actions since 2007 against Lei, Fu, Tony, as well as two other defendants. The bankruptcy court noted that the "consistent and repeated behavior of asserting claims upon which relief could not be granted demonstrates that [Demas] filed these lawsuits merely to harass Defendants" and declared Demas a vexatious litigant. In April 2015, the trial court also declared Demas a vexatious litigant subject to a prefiling order.

In November 2016, the Ninth Circuit Court of Appeals revoked Demas's bar membership after finding that he engaged in "persistent misconduct," including filing multiple frivolous appeals that resulted in sanctions as well as repeatedly violating court rules and orders. In February 2018, our Supreme Court disbarred Demas after the State Bar Court found that he had made "numerous false representations to various courts, fil[ed] numerous frivolous unwarranted actions in bankruptcy court and civil court, fail[ed] to pay sanctions or obey other court orders . . . and [made] false assertions to various courts including the [Ninth] Circuit Court of Appeals."

In July 2019, another division of this court expanded the trial court's vexatious litigant order in another case brought by Demas against Fu. In its order, the division prohibited Demas, "whether or not represented by counsel, from filing any new litigation without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (*Yan, supra*, A155209.) In August 2019, the trial court entered judgment in favor of Lei and Fu on their claim for malicious prosecution against Demas after he filed two lawsuits against them in 2010 and 2012

which were both dismissed on the merits. In May 2022, the trial court declared Tina a vexatious litigant subject to a prefiling order.[4]

Undeterred by his losing record in litigation against Lei and Fu, in May 2017, Demas offered $5,000 to third party Golden State Lumber, Inc. (Golden State) for the assignment of a 2006 judgment that Golden State (formerly known as Sierra Point Lumber, Inc.) had obtained against Tony for unpaid building materials. In doing so, Demas commented that he "may just be buying a lawsuit." Around the same time, Tony filed for bankruptcy. When Golden State had some misgivings about assigning its judgment to Demas, Legal Recovery filed suit in July 2018 to compel Golden State to assign it the 2006 judgment. In March 2019, Tony was granted discharge in bankruptcy. Golden State settled with Legal Recovery and assigned the 2006 judgment to Legal Recovery in August 2019.

It is undisputed that at all relevant times, the Yans owned and controlled Legal Recovery. In 2014, Demas submitted a business bank account application for Legal Recovery and listed himself as the "Owner with Control of the Entity." Statements of Information filed with the Secretary of State indicated that Tina was Legal Recovery's sole managing member between 2017 and 2021 and that Demas was the sole managing member beginning in 2022.

In October 2019, Legal Recovery used the 2006 judgment as the basis for this latest action against Lei and Fu for declaratory relief and fraudulent conveyance. The operative complaint alleged that after Tony was sued by a third party in 1999, he and Lei "devised a scheme to file a sham divorce and

---

[4] Although the trial court's order did not specify its reasons for declaring Tina a vexatious litigant, in *Lei I, supra*, A164796, this court noted that Tina has assisted Demas in filing meritless litigation against Lei and Fu and sanctioned Tina and her counsel for filing a frivolous appeal.

transfer all of their community properties including real estate[] in San Francisco to [Lei], thereby making [Tony] judgment-proof." The complaint further alleged that after the divorce, Lei purchased a property in San Francisco in 2001 "using funds traceable from assets acquired before their sham divorce" and that, accordingly, that property is community property and "is liable to the Assigned Judgment." After several rounds of demurrers, the trial court sustained the demurrer to the Fourth Amended Complaint (FAC) without leave to amend as to the cause of action for fraudulent conveyance. The court noted that the FAC only alleged "specific facts as to time barred conveyances the last of which occurred in 2006." This left the declaratory relief claim as the only remaining cause of action.[5]

In March 2023, Lei and Fu moved for orders: (1) declaring Legal Recovery a vexatious litigant because it was the alter ego of Demas and Tina; and (2) requiring Legal Recovery to post security before pursuing its claim for declaratory relief. Following briefing and oral argument, the trial court granted the motions, declared Legal Recovery a vexatious litigant and alter ego of the Yans, and ordered Legal Recovery to post security in the amount of $150,000 within 10 days of the order. Legal Recovery failed to do so, and the court dismissed the action. Legal Recovery timely appealed.

## II. DISCUSSION

An order declaring a party a vexatious litigant is reviewed for substantial evidence. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 (*Golin*).) "Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order

---

[5] Following the trial court's order, Legal Recovery filed a duplicative lawsuit against Lei and Fu in November 2022 (case No. CGC-22-602997) that contains the same allegations and causes of action as the original complaint here.

5

declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Ibid*.) Likewise, an order determining that a corporation is the alter ego of an individual is reviewed for substantial evidence. (*Alexander v. Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 47.)

If a plaintiff is declared a vexatious litigant, a defendant may move to require that plaintiff to post security. The trial court may grant the motion if it determines "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." (Code Civ. Proc., § 391.3.) An order finding that a vexatious litigant lacks a reasonable probability of success should be "based on an evaluative judgment in which the court weighs the evidence" and is reviewed for substantial evidence. (*Golin, supra,* 190 Cal.App.4th at p. 636.)

For the reasons discussed below, we find no error in the trial court's orders declaring Legal Recovery a vexatious litigant and alter ego of the Yans and requiring Legal Recovery to post security before it may pursue its claims in this litigation.[6]

A. Legal Recovery is the Alter Ego of the Yans

While a corporation is generally considered a separate entity from its shareholders or officers, "[i]n certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation." (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300.) For the alter ego doctrine to apply, two prongs must be met: " '(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an

---

[6] We grant Lei and Fu's unopposed motion to augment the record. We deny Legal Recovery's request for judicial notice.

6

inequitable result will follow.' " (*Ibid*.)  The corporate form cannot be " 'used by an individual or individuals . . . to perpetrate a fraud, *circumvent a statute*, or accomplish some other wrongful or inequitable purpose.' " (*People v. Anderson* (1991) 1 Cal.App.4th 1084, 1092, italics in original.)  In the context of the vexatious litigant statute, if a corporation is found to be the alter ego of its shareholders or members, the trial court may deem both the shareholders or members and the corporation vexatious litigants.  (See *Say & Say, Inc. v. Ebershoff* (1993) 20 Cal.App.4th 1759, 1767–1768 (*Say & Say*).)

On appeal, Legal Recovery does not question the trial court's finding as to the first prong.  Instead, it only contends that the second prong was not met.  There is, however, more than enough evidence that the Yans are using Legal Recovery to circumvent the vexatious litigant statute.

As vexatious litigants, the Yans are subject to a prefiling order which prohibits them "from filing any new litigation . . . without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."  (Code Civ. Proc., § 391.7, subd. (a).)  The Yans, however, improperly attempted to evade this order by using Legal Recovery to file this action against Lei and Fu, rendering Legal Recovery subject to the prefiling order as well under *Say & Say*.

In *Say & Say*, after the individual plaintiff was declared a vexatious litigant, he continued to file various lawsuits as a plaintiff but also joined a corporation that he controlled and dominated as an additional plaintiff.  (*Say & Say, supra*, 20 Cal.App.4th at p. 1763.)  The court of appeal held that the corporation was a vexatious litigant because it was the alter ego of the plaintiff.  (*Id*. at pp. 1769–1770.)  In reaching this conclusion, the court concluded that the only purpose behind the corporation's inclusion in the

7

litigation was "to evade the effects of the vexatious litigant law" (*id*. at p. 1769) and that "[i]t would be inequitable to allow [the plaintiff] to utilize [the corporation] to continue with his misuse of the litigation process" (*id*. at pp. 1769–1770). We reach the same conclusion here based on the Yans's lengthy history of frivolous and harassing litigation against Lei and Fu described above and the circumstances surrounding Legal Recovery's purchase of the 2006 judgment.

Indeed, Demas personally reached out to Golden State in 2017 to purchase the 2006 judgment. Because Demas had already been declared a vexatious litigant by then, the only way he could sue to enforce that judgment without following the prefiling order was to use another individual or entity as the plaintiff. Thus, the Yans, like the individual plaintiff in *Say & Say*, utilized a shell corporation to pursue an action in circumvention of the vexatious litigant statute. This is a blatant misuse of the litigation process notwithstanding Legal Recovery's assertions to the contrary. Indeed, the fact that Legal Recovery obtained the 2006 judgment years after it was formed does not change the fact that the Yans are using the corporation to circumvent the prefiling order.

We also find no merit in Legal Recovery's argument that no injustice is being perpetrated because its claim in this action to enforce the 2006 judgment has not been previously litigated. As Lei and Fu point out, the allegations in Legal Recovery's declaratory relief claim are nearly identical to those in Demas's 2010 and 2012 lawsuits against Lei and Fu. For example, both lawsuits alleged that Lei and Tony engaged in a "sham divorce;" that Tony fraudulently transferred real estate to Lei, including the property at issue in this case; and that this real estate is community property that may be used to satisfy any judgments against Tony. Both

8

lawsuits were also dismissed on the merits. Finally, Lei and Fu obtained a judgment against Demas for malicious prosecution based on those two lawsuits.

Thus, there is ample evidence that the Yans are using Legal Recovery and the 2006 judgment to relitigate allegations that were raised and rejected in prior lawsuits that they had filed. Indeed, Demas admitted as much when he acknowledged that he "may just be buying a lawsuit" when he purchased the 2006 judgment through Legal Recovery. This is the very abuse of the litigation process that the vexatious litigant statute is intended to stop. It is therefore irrelevant that the enforceability of the 2006 judgment had not been litigated yet; it would still be wrongful and inequitable to allow the Yans to continue their harassing litigation through this shell corporation.

B. Legal Recovery Has No Reasonable Probability of Prevailing

Substantial evidence also supports the trial court's finding that there was no reasonable probability of Legal Recovery prevailing in this litigation. "On a motion for an order requiring a vexatious litigant to post security, the moving party must make a showing that there is no reasonable likelihood of the plaintiff prevailing in the action against that defendant. This showing is ordinarily made by the weight of the evidence but a lack of merit may also be shown by demonstrating that the plaintiff cannot prevail in the action as a matter of law." (*Golin, supra,* 190 Cal.App.4th at p. 642.)

Here, Legal Recovery's claim for declaratory relief is time-barred. Under Family Code section 851, transmutations of marital property are subject to the laws governing fraudulent transfers, including the Uniform Voidable Transactions Act (UTVA). (*Mejia v. Reed* (2003) 31 Cal.4th 657, 668.) Under the UTVA, a cause of action for fraudulent transfer is subject to

9

a four-year statute of limitations. (Civ. Code, § 3439.09, subd. (a).) More significantly, it is subject to a seven-year statute of repose. (*Id.*, subd. (c).)[7] "[T]he seven-year limitation under [Civil Code] section 3439.09[, subdivision] (c) was intended as an *absolute limit* on actions to challenge fraudulent transfers that cannot be tolled or otherwise extended." (*PGA West Residential Assn., Inc. v. Hulven Intl., Inc.* (2017) 14 Cal.App.5th 156, 183, italics added.) "Whereas statutes of limitations affect a remedy, statutes of repose *extinguish* a right of action after the period has elapsed" and are aimed " 'to give more explicit and certain protection to defendants.' " (*Id.* at p. 177, italics added.)

Legal Recovery's cause of action for declaratory relief alleges that Lei and Tony filed a sham divorce in 2000 and fraudulently transferred their jointly owned property to Lei so they could "conceal and shield their community properties from [Tony's] creditors." This included the property at issue in this litigation, which was allegedly purchased by Lei in 2001 after the divorce using community assets. Based on these allegations, Legal Recovery sought declaratory relief that the property "is community estate and is liable to the Assigned Judgment." The allegedly fraudulent property transfers, however, occurred *more than 17 years before* Legal Recovery filed this action. The declaratory relief claim is therefore barred by both the four-year statute of limitations and the seven-year statute of repose. (Civ. Code, § 3439.09.) And it makes no difference that declaratory relief is an equitable remedy. (See *Snyder v. California Ins. Guarantee Assn.* (2014) 229

---

[7] Civil Code section 3439.09, subdivision (c) states, "Notwithstanding any other provision of law, a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred."

Cal.App.4th 1196, 1208 ["The duration of the limitations period applicable to a declaratory relief action is determined by the nature of the underlying obligation sought to be adjudicated"].)

Not surprisingly, Legal Recovery does not dispute that its declaratory relief claim is time-barred under the applicable statute of limitations and repose. Instead, it claims that Lei and Fu did not raise this "[t]ime-[b]arred" argument below. But this claim is simply false; Lei and Fu actually dedicated five pages in their moving papers below to the argument.

Legal Recovery also contends that the "[t]ime-[b]arred" argument should be rejected because the trial court overruled Lei's and Fu's demurrer to the declaratory relief cause of action. We disagree. Not only did Legal Recovery forfeit this argument by failing to raise it below (see *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 700), it also overlooks the different standards governing a motion for a vexatious litigant to post security and a demurrer. In deciding a demurrer, the court may only consider the pleadings and judicially noticeable matters. (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279.) By contrast, in deciding a motion to post security, the court is not so limited. Instead, it "performs an evaluative function" that requires the weighing of evidence to determine "whether the plaintiff has a reasonable probability of prevailing." (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786.) We find no error in the court's determination that Legal Recovery's claim is time-barred.[8]

---

[8] Because we find that Legal Recovery has no probability of prevailing because its claims are time-barred, we do not reach any of the other arguments raised by Lei and Fu.

11

Lastly, as noted above, Legal Recovery's allegations in this action are nearly identical to the ones in Demas's 2010 and 2012 lawsuits. In issuing a judgment against Demas in Lei's and Fu's lawsuit for malicious prosecution based on these two lawsuits, the trial court concluded that the lawsuits "were brought without probable cause" and "[d]espite ample orders suggesting [Demas's] claims were meritless." Changing the purported plaintiff does not make these allegations any less meritless now. In any event, substantial evidence supports the alter ego finding, making these conclusions equally applicable to Legal Recovery. (*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [applying collateral estoppel against corporation that was the alter ego of an individual party in the first action].)

C. Sanctions Are Warranted for this Frivolous Appeal

Lei and Fu seek an award of $9,750 in attorney fees as sanctions against Legal Recovery and its counsel, Williams Leeds Disston, Jr., for bringing this frivolous appeal. They also seek monetary sanctions in the amount of $25,000 payable to this court. We agree that this appeal is frivolous and that sanctions are warranted. [9]

To determine whether an appeal is frivolous, courts apply an objective standard—which considers the merits of the appeal—and a subjective standard—which examines the appellant's and its counsel's motives. (*Malek Media Group LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*).) "A finding of frivolousness may be based on either standard by itself, but the

---

[9] On April 9, 2024, we issued an order informing Legal Recovery, its counsel William Disston, Jr., and the Yans (as the alter egos of Legal Recovery) that we were considering imposing sanctions against them. The order provided them with the opportunity to file an opposition and to request oral argument "on the issue of sanctions." Legal Recovery and its counsel filed a late opposition with supporting declarations from Demas and Winky Wong, a former business partner of Demas and Tony.

two tests are ordinarily used together, with one sometimes providing evidence relevant to the other." (*Ibid*.) "An appeal is objectively frivolous when a reasonable person would 'agree that the appeal is totally and completely devoid of merit.'" (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 80.) An appeal is subjectively "frivolous when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment." (*Ibid*., internal quotation marks omitted.)

This appeal is both objectively and subjectively frivolous. It is objectively frivolous because, as we explained above, Legal Recovery's cause of action for declaratory relief is plainly time-barred, an argument raised by Lei and Fu both below and on appeal. Not only did Legal Recovery fail to respond substantively to this argument, it *falsely* represented that Lei and Fu did not raise the argument below.

Further, in previously finding Demas liable for malicious prosecution based on his 2010 and 2012 lawsuits—which both claimed that Lei engaged in fraudulent transfers after a sham divorce in order to shield Tony's assets from court judgments—the trial court already told the Yans that their fraudulent transfer claims "were meritless." Yet, the Yans sought to relitigate these very same claims here—this time, through a shell corporation. Under these circumstances, " 'the appeal is completely devoid of merit.' " (*Deal, supra,* 80 Cal.App.5th at p. 80.)

This appeal is also subjectively frivolous. The Yans's history of frivolous appellate litigation against Lei and Fu—which resulted in this court imposing sanctions against them twice in the past five years—coupled with this appeal's clear and obvious lack of merit establish that this appeal was filed solely for the purposes of delay and harassment. This is confirmed by Legal Recovery's more recent actions. Apparently anticipating its likely loss

in this appeal, Legal Recovery assigned the 2006 judgment to a third party in 2023 while this appeal was pending. That third party, in turn, filed a cross-complaint against Lei and Fu that contains the same claims of a fraudulent transfer and "sham divorce" alleged here. It should come as no surprise that Disston, Jr. also represents this third party in that cross-complaint. Needless to say, a clearer example of how our litigation process may be grossly abused by unscrupulous litigants and lawyers can hardly be imagined.

That Legal Recovery may have successfully obtained and enforced a judgment on a promissory note against a person other than Lei and Fu in an unrelated case in the past does not suggest otherwise. Nor does Demas's or his former business partner's continued belief that Lei and Tony entered into a "sham" divorce over 20 years ago to evade Tony's creditors.

Accordingly, we shall impose sanctions against both Legal Recovery and its counsel. (*Malek, supra,* 58 Cal.App.5th at p. 837 [sanctions against a "party are appropriate when the record indicates the party benefitted from the delay or was otherwise involved in the bad faith conduct;" sanctions against counsel "are appropriate when . . . counsel had a professional obligation not to pursue the appeal or should have declined the case outright"].) We shall also impose sanctions against the Yans as the alter ego of Legal Recovery.

In determining the appropriate sanction, however, we are left with a dilemma. The time and resources wasted by our courts, including both this court and the trial court, in dealing with the Yans are significant. Moreover, the cost to our court system is undoubtedly dwarfed by the toll on respondents who have been forced to defend continuously against frivolous lawsuits and appeals filed by the Yans for over a decade. Previous monetary

14

sanctions imposed by our colleagues have not deterred the Yans or their attorneys from abusing the appellate process in pursuing their apparent vendetta against respondents. Indeed, some of those sanctions remain unpaid, and the Yans continue to attempt to relitigate claims that have been rejected over and over. And the referral by this court of Disston, Jr. to the State Bar of California has not stopped him from filing frivolous lawsuits and appeals. Nor has the vexatious litigant statute proven to be the solution, as the Yans are apparently using proxies (including shell corporations) in an attempt to evade that statute. At this point, it is not clear what other arrows this court has in its quiver to halt the Yans's abuse of the litigation process.

Nonetheless, we must try something no matter how Sysiphyean the task may be. In the past, our colleagues have imposed sanctions against the Yans and their counsel in the amount of $8,500 payable to the court based on the estimated "cost of processing an appeal that results in an opinion." (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 830.)[10] Because those sanctions have proven to be inadequate and ineffective, we now double that amount and impose sanctions of $17,000 payable to the court against Legal Recovery, the Yans (as the alter egos of Legal Recovery), and Disston, Jr. This doubled amount not only "compensate[s] the court for the costs associated with processing, reviewing, and considering the appeal" (*Malek, supra,* 58 Cal.App.5th at p. 837), it will hopefully "discourage further frivolous appeals" from Legal Recovery, the Yans, and Disston, Jr. (*Pierotti v.*

---

[10] Because this estimate was based on a cost analysis conducted in 2008, the cost is likely to be much higher today. (See *In the Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 519 ["A current cost analysis undertaken by the clerk's office for the Second Appellate District, using the same general methodology, indicates the cost of processing an appeal that results in an opinion by the court to be approximately $8,500"].)

*Torian* (2000) 81 Cal.App.4th 17, 33).  We also award sanctions in the amount of $9,750 to Lei and Fu as compensation for the fees they paid to attorneys to assist them in this appeal.  (See *In re Marriage of Gong & Kwong, supra,* 163 Cal.App.4th at p. 519 [ordering that the appellant pay the attorney fees incurred by the respondent as sanctions for filing a frivolous appeal]; *Mix v. Tumanjan Development Corp.* (2002) 102 Cal.App.4th 1318, 1321 [successful pro per litigant can recover attorney fees for legal services of assisting counsel even though counsel did not appear as attorneys of record].)  Finally, we urge the State Bar to look into the conduct of Disston, Jr.  Although the State Bar cannot stop the Yans, it may be able to take away at least one tool currently at their disposal.[11]

### III.  DISPOSITION

The judgment is affirmed.  Lei and Fu are entitled to their costs on appeal.

As sanctions for bringing this frivolous appeal, Legal Recovery, the Yans, and their counsel of record, William Leeds Disston, Jr. of Casalina & Disston, shall pay $9,750 to respondents no later than 30 days after the remittitur issues.  Legal Recovery, the Yans, and Disston, Jr. are also ordered to pay $17,000 in sanctions for bringing this frivolous appeal, payable to the clerk of this court, no later than 30 days after the remittitur issues.  These obligations are joint and several.

The clerk of this court and Disston, Jr. are each directed to forward a copy of this opinion to the State Bar of California upon the remittitur's issuance.  (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3) & 6068, subd. (o)(3).)

---

[11] The opinion constitutes a written statement of our reasons for imposing sanctions.  (See *In re Marriage of Flaherty,* (1982) 31 Cal.3d 637, 654.)

16

This opinion serves as notice to counsel that the matter of imposition of sanctions has been referred to the State Bar.  (*Id.*, § 6086.7, subd. (b).)

CHOU, J.

We concur.


SIMONS, Acting P.J.
BURNS, J.


*Legal Recovery LLC v. Lei* / A167818