[No. C014820. Third Dist. July 29, 1993.]

JESS BRASIER et al., Plaintiffs and Appellants, v.
MELVIN E. SPARKS, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II through V of the Discussion.

**COUNSEL**

Baker, Cornell & Baumbach and Ken Baker for Plaintiffs and Appellants.

Charles F. Lueder for Defendant and Respondent.

William M. Pfeiffer, Judith K. Herzberg and Neil D. Kalin as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**SIMS, Acting P. J.**—In this action alleging breach of contract, fraud, misrepresentation, and negligence in the sale of residential real property, plaintiffs/buyers Jess Brasier, Deborah Brasier, J. Raymond Brasier and Christine Hansen appeal on the judgment roll from a judgment following court trial in favor of defendant/seller Melvin E. Sparks.[1] Plaintiffs contend (1) the trial court erred in finding defendant not liable for failure to disclose building code violations regarding the property sold by defendant to plaintiffs, as assertedly required by Civil Code section 1102 et seq.;[2] and (2) the evidence is insufficient to support the trial court's determination of the value of the property and the absence of damages. We will affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the trial court's tentative statement of decision which by its own terms became the court's statement of decision upon the parties' failure to file objections to the decision.

---

[1]Other defendants named in the complaint were apparently dismissed.

[2]Undesignated statutory references are to the Civil Code.

We note we allowed the California Association of Realtors to file an amicus curiae brief on the statutory issue.

Defendant and his late wife purchased the subject property in 1978. They and their family placed two mobilehomes on the property as residences—with county permits. In 1979, a county inspector noticed some porch and plumbing work being done without a permit; defendant's stepson thereafter obtained a county permit for the work. In 1989, defendant moved off the property, but his stepson remained.

In March 1990, defendant listed the property for sale and filled out a real estate transfer disclosure representing that he was unaware of any building code violations. The trial court found that at the time he filled out the form, defendant "had no knowledge that there might be building code violations on the property."

The disclosure forms signed by defendant contained language required by section 1102.6, including statutory provisions that the forms were not a warranty of any kind and were not intended to be part of any contract between buyer and seller.

Plaintiffs, who had lived on adjoining property for 10 years, made an offer to buy defendant's property for $100,000. Defendant accepted the offer in May 1990.

Defendant made no representations to plaintiffs concerning the condition of the property other than those contained in the deposit receipt and disclosure forms.

Plaintiffs had access to the real property and mobilehomes at all times after execution of the purchase agreement and inspected the mobilehome interiors on at least one occasion.

Before escrow closed, defendant gave plaintiffs permission to install a third mobilehome on the property. In June 1990, also before escrow closed, plaintiffs applied for a county permit, asserting ownership of the property.

On July 10, 1990, a county building inspector gave plaintiffs a "correction notice" listing four items needing correction, apparently because the permit taken out by defendant's stepson had never been "finaled." Defendant was not told of the correction notice before escrow closed and was not given a copy of it.

The day after receipt of the correction notice, plaintiffs initialled and signed the real estate transfer disclosure forms, though they had looked the forms over on an earlier date.

On July 12, 1990, escrow closed.

On July 13, 1990, the realtor wrote a letter to defendant concerning some broken glass and a nonoperating cooler. The parties agreed that "$850.00 [plaintiffs] owed [defendant] was agreed to be used to put in new window and cooler, and to cover any other loss." No mention was made of any suspected building code violations.

Plaintiffs were supposed to make a $10,000 balloon payment on October 12, 1990. Instead of making the payment, they sent defendant a letter offering to apply the $10,000 to the "cost of changes and repairs." Defendant replied with a letter reminding plaintiffs that there were no warranties.

On November 1, 1990, plaintiffs requested a county building inspection, resulting in a report listing several building code violations.

Due to plaintiffs' failure to make the $10,000 payment, defendant recorded a notice of default. Plaintiffs filed this lawsuit in April 1991 for breach of contract, fraud and misrepresentation, negligence, and negligent misrepresentation. Plaintiffs also sought declaratory relief and an injunction to stop the foreclosure proceedings pending trial. The trial court issued the preliminary injunction.

Following a court trial, the trial court concluded there was no breach of contract, no misrepresentation, no concealment, and no negligence by defendant. The trial court found that the only express warranty by defendant was the statement in the deposit receipt that he had "no knowledge of any notice of violations filed or issued against the property." The court found that defendant "had no such knowledge prior to close of escrow and the Court further finds that no such notice had been filed or issued against the property until Plaintiffs received the Notice of Correction July 10, 1990." The trial court also found that plaintiffs relied on their own knowledge in entering into and consummating the transaction; plaintiffs had inspected the property in question; and the correction notice put plaintiffs on notice prior to close of escrow of the possible existence of building code violations. The court also found the condition of the property was such that it would have put a reasonable person on notice that possible building code violations existed.

The trial court additionally found no damages, because "[t]he value of the real property and mobile homes [] was $100,000.00. [¶] . . . Plaintiffs agreed to pay $100,000.00 for the real property and mobiles and received real property and mobile homes worth $100,000.00. Accordingly, the Court finds that Plaintiffs have not been damaged."

The trial court dissolved the preliminary injunction and entered judgment in favor of defendant. We denied plaintiffs' petition for a writ of supersedeas or other order to stay the foreclosure proceedings pending appeal.

DISCUSSION

I

■ Plaintiffs contend the trial court erred in ruling that the disclosure statement cannot be relied upon as part of the purchase contract between the parties. We disagree.

The parties apparently agree that the form of disclosure upon this transfer of residential property was mandated by sections 1102 through 1102.15. Section 1102.6 provides in part: "The disclosures required by this article pertaining to the property proposed to be transferred are set forth in, and shall be made on a copy of, the following disclosure form: [¶] . . . THIS STATEMENT IS A DISCLOSURE OF THE CONDITION OF THE ABOVE DESCRIBED PROPERTY IN COMPLIANCE WITH SECTION 1102 OF THE CIVIL CODE AS OF _____, 19__. IT IS NOT A WARRANTY OF ANY KIND BY THE SELLER(S) . . . . [¶] . . . THIS INFORMATION IS A DISCLOSURE AND IS NOT INTENDED TO BE PART OF ANY CONTRACT BETWEEN THE BUYER AND SELLER."

The disclosure form signed by defendant in this case contains the exact language set forth in the statute.

The plain language of the disclosure form refutes plaintiffs' contention that the disclosure statement can be relied upon as part of the purchase contract or as a separate contract containing conditions upon which the formation of the primary contract is based.

Under the same heading in their appellate brief (that the disclosure statement can be relied upon as part of the purchase contract), plaintiffs argue that tort liability should arise from a failure to disclose. We need not address this contention because, assuming for the sake of argument that failure to disclose gives rise to tort liability, we nevertheless will conclude that, as we discuss in the unpublished part of the opinion, *post,* plaintiffs have failed to show any prejudice because they suffered no damages.

II-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1756.

## DISPOSITION

The judgment is affirmed.

Davis, J., and Raye, J., concurred.