Filed 6/23/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ARISTEA HUPP,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SOLERA OAK VALLEY GREENS<br>ASSOCIATION et al.,<br><br>        Defendants and Respondents. | E065766<br><br>(Super.Ct.No. RIC1512779)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed in part; reversed in part with directions.

Aristea Hupp, in pro. per., for Plaintiff and Appellant.

Richardson Harman Ober, Kelly G. Richardson, Theodore H. Dokko, Jonathan R. Davis; Lewis Brisbois Bisgaard & Smith, Arthur K. Cunningham, Stephanie J. Tanada and Amy Wong for Defendants and Respondents.

1

I

INTRODUCTION

Plaintiff Aristea Hupp (Aristea) appeals judgment entered after the trial court granted defendants Solera Oak Valley Greens Association and City of Beaumont Animal Control Officer Jack Huntsman's[1] ex parte application to dismiss Aristea's first amended complaint (FAC) under the vexatious litigant provision, Code of Civil Procedure section 391.7.[2] Aristea contends the trial court's order granting Solera's ex parte application to dismiss deprived her of her due process rights to notice and an opportunity to be heard. Aristea also argues Solera waived its vexatious litigant defense by not raising it in its first responsive pleading. In addition, Aristea argues that under the Davis-Stirling Common Interest Development Act (Davis-Stirling Act),[3] she is authorized to seek recovery of

---

[1] The defendants named in Aristea's first amended complaint, collectively referred to in this decision as "Solera," include Solera Oak Valley Greens Association and its management company, board of directors, various employees, and contracted vendors, and City of Beaumont Animal Control Officer Jack Huntsman. The vexatious litigant proceedings in this action were brought by Solera Oak Valley Greens Association and Huntsman. Use of the name "Solera" in this regard refers to both of these defendants.

[2] Unless otherwise noted, all statutory references are to the Code of Civil Procedure. Section 397.1, subdivision (c), is referred to herein as section 397.1(c).

[3] Civil Code sections 4000-6150, formerly Civil Code section 1350 et seq.

2

damages sustained by her son, Paul Hupp (Paul),[4] from violations of Solera's Covenants, Conditions and Restrictions (CC&Rs).

Before oral argument, this court requested the parties to provide supplemental briefing addressing the issue of whether the vexatious litigant statues, particularly section 391.7, can be applied to a complaint brought by a party who has not been declared a vexatious litigant, such as Aristea. As requested, both Aristea and Solera provided this court with supplemental briefing.[5]

We affirm the judgment of dismissal as to all claims alleged in the FAC which were brought by or for the benefit of Paul, on the ground he has been declared a vexatious litigant. Because Aristea has not been declared a vexatious litigant, the judgment of dismissal is reversed as to all claims in the FAC that are solely personal to Aristea. The trial court is directed on remand to order stricken from the FAC all allegations mentioning Paul and all claims benefiting or seeking recovery on behalf of Paul.

---

[4] Paul "graduated from law school but is not a practicing attorney." (*Hupp v. City of Walnut Creek* (N.D. Cal. 2005) 389 F. Supp. 2d 1229, 1232, fn. 5.) This fact was disclosed at the hearing on Aristea's motion for reconsideration on April 4, 2016, when Paul attempted to appear on behalf of Aristea.

[5] Aristea also filed a request for judicial notice of page 5 of the reporter's transcript of the ex parte hearing on February 10, 2016. The language on page 5 is quoted in Aristea's supplemental brief. Neither Aristea nor Solera included in the original record on appeal a reporter's transcript of any of the relevant proceedings in this matter. Aristea's request for judicial notice of page 5 of the hearing on February 10, 2016, is granted (Evid. Code, §§ 452, 459).

## II

## FACTS AND PROCEDURAL BACKGROUND

On January 7, 2014, in an unrelated case, the Riverside County Superior Court entered an order declaring Paul Hupp a vexatious litigant under section 391. The court further ordered that Paul is required to "acquire a prefiling order from the supervising judge with each and every future filing of any complaint or petition as an In Pro Per Plaintiff, against any party, in any Court in California, upon a showing of evidence supporting claims as the judge may require."

### Paul and Aristea's Complaint Filed in the Federal District Court

In August 2015, Aristea and her son, Paul, (the Hupps) filed a complaint, in propria persona, in the federal district court against Solera (case No. EDCV15-01693-VAP-SP). Defendant Solera Oak Valley Greens Association oversees a planned, gated, development in the City of Beaumont (the Solera property). The association is a California corporation that operates through a board of directors on behalf of its shareholders, which include all Solera property owners.

The Hupps alleged in their federal complaint the following facts. The Solera property has five entrances and six entry gates. Five of the gates are for residents and one entry gate is for guests. The resident gates are activated by remote control. The guest entry gate is not controlled by remote control and may require waiting in line for entry onto the Solera premises. Aristea owns two Solera properties.

At the end of 2014, Solera adopted a new rule added to Solera's CC&Rs, which required pit bulls to be muzzled when walked on the common areas of the Solera

4

property. In November 2014, the Hupps notified Solera that they objected to the muzzle rule because the rule incorrectly stated pit bulls are a dog breed designated by the Centers for Disease Control and Prevention as "the most 'dangerous' dog" and therefore must be muzzled when on the Solera streets or common areas. The Hupps further asserted the muzzle rule failed to state how to determine if a dog was a pit bull, who would make that determination, and how the rule would be applied.

The Hupps's federal complaint alleged that in December 2014, the Hupps, Solera board members, and management company employees met regarding enforcement of the muzzle rule against the Hupps. The Hupps stated Solera could not impose any rule, such as the muzzle rule, that singled out dogs by breed. Thereafter the Hupps continued to walk their dogs on the Solera property without a muzzle. Solera notified the Hupps that they were violating the muzzle rule. The Hupps responded by letter, objecting to the muzzle rule. In April 2015, Solera imposed a $200 fine on Aristea for walking her dogs in violation of the muzzle rule. The Hupps informed Solera they objected to the fine and refused to pay it. Two hours before a discipline hearing on August 5, 2015, the Hupps emailed a letter to three Solera board members, stating that the muzzle rule was unlawful and that the Hupps were going to take legal action.

Five days after the hearing, Solera deactivated the Hupps's entrance gate remote controls, preventing the Hupps from entering the Solera property through the five gates operated by remote control. The Hupps refer to this action by Solera as the "lock out." As a consequence of the lock out, the Hupps were required to enter the Solera property through the gate used by guests. This required the Hupps to wait in line to enter.

5

The Hupps's federal complaint included causes of action for violation of their civil rights and due process rights under the constitution and the Civil Rights Act (42 U.S.C. § 1983). The Hupps requested declaratory and injunctive relief regarding the "lock out" and against the "muzzle rule." The complaint also included causes of action for defamation of the Hupps and their dogs, and intentional infliction of emotional distress.

In October 2015, the federal district court dismissed the Hupps's complaint without leave to amend on the grounds the Hupps failed to state a federal claim and the federal court would not exercise supplemental jurisdiction over the Hupps's state law claims.

***Aristea's Complaint Filed in the Riverside Superior Court***

Shortly after the dismissal, Aristea filed, in propria persona, a complaint in the instant case (Complaint) in the Riverside County Superior Court. Aristea remained in propria persona throughout the remainder of the trial court proceedings and during the instant appeal. The facts are identical to those alleged in the Hupps's federal court complaint, which was dismissed. In addition, Aristea alleged that in March 2014, a Solera resident who lived across the street from the Hupps, installed surveillance cameras pointed at the Hupps's residence. This allegedly violated the Solera CC&Rs, and Solera failed to enforce the CC&Rs in this regard. The Hupps further alleged that on February 10, 2014, Solera management company employee, Timothy Taylor, followed Paul around the Solera property and filmed him as he was walking his two dogs. Another Solera management company employee, Samuel Rojas, on 12 occasions, beginning on March 24, 2015, through August 31, 2015, also followed Paul around the Solera property and

6

filmed him walking his dogs. On July 25, 2015, the Hupps requested to review all of Solera's contracts and various financial information. Solera denied the Hupps's request.

The Hupps's Complaint included causes of action for declaratory and injunctive relief regarding the lock out and muzzle act, private nuisance, violation of the Davis-Stirling Act, invasion of privacy, intentional infliction of emotional distress, and defamation. Although Aristea was the only named plaintiff in the Complaint caption, both Paul and Aristea were named as plaintiffs throughout the Complaint and in the prayer for relief.

On November 24, 2015, Solera, specially appearing, filed a motion to quash service of summons and Complaint (motion to quash) on the ground service of the Complaint on Solera was improper in part because Paul, who was a party to the action, served the Complaint on Solera. Solera argued that, although Paul was not listed in the caption of the summons or Complaint, the Complaint allegations indicated he was a party to the action. Solera asserted in its motion to quash that "[t]here is no escaping the fact that Paul Hupp is a Plaintiff in this lawsuit, despite his efforts to evade the Court's vexatious litigant order." On December 24, 2015, the trial court granted Solera's motion to quash and granted the Hupps leave to amend the Complaint.

***First Amended Complaint***

On January 12, 2016, Aristea filed a first amended complaint (FAC), the operative complaint in this matter. Allegations in the original Complaint referring to Paul as a plaintiff were deleted. As with the original Complaint, only Aristea was named as a plaintiff in the caption. Instead of alleging in the first paragraph of the Complaint that

7

both Aristea and Paul were in propria persona plaintiffs, the FAC alleges only Aristea is a plaintiff, suing in propria persona. However, most of the allegations in the FAC remained the same as those in the original Complaint, with minimal changes and with the addition of new claims alleging Davis-Stirling Act violations. The FAC includes numerous references to Paul and "plaintiffs." The FAC also includes defamation and private nuisance causes of action in which Paul, rather than Aristea, is the subject of the claims.

***Notice of Vexatious Litigant Order***

Specially appearing on January 26, 2016, Solera filed in the instant case a notice of the January 7, 2014, vexatious litigant order pursuant to section 391.7(c). The notice was served on the Hupps by overnight mail on January 26, 2016. It stated: "PLEASE TAKE NOTICE that the above-captioned lawsuit by Plaintiffs Aristea and Paul Hupp[] was filed in violation of California's vexatious litigant statutes. Specifically, Paul Hupp was deemed a vexatious litigant by the Riverside Superior Court on or about January 7, 2014, in the matter of *Hupp v. Judith L. Beyl, et al.,* Riverside Superior Court Case No. RIC1216945. (*RJN,* Exhibit A). Despite such order, Plaintiff Paul Hupp has filed the Complaint and First Amended Complaint in the above-captioned matter. Pursuant to *Code of Civil Procedure* § 391.7(c), the filing of this notice shall automatically stay this litigation. (*CCP* §391.7(c)). The litigation must then be automatically dismissed unless the Plaintiffs, within ten (10) days of the filing of this notice, obtain an order from the presiding justice or presiding judge permitting the filing of the litigation. (*Id.*)"

In a footnote, the notice states that "Plaintiff Paul Hupp is listed in the body of the Complaint as a 'Plaintiff,' and multiple causes of action relate only to damages *allegedly* suffered by Plaintiff Paul Hupp. However, Paul Hupp is not named in the Caption of the Complaint. Only Plaintiff Aristea Hupp is named in the Caption."

***Ex Parte Application for Dismissal of FAC***

On February 9, 2016, Solera filed in the trial court an ex parte application for dismissal of the FAC under section 391.7(c) or, alternatively, for a stay of all litigation while Paul attempted to obtain an order permitting him to file the FAC. The application was served on both Paul and Aristea by emails during the morning of February 9, 2016. Solera asserted in its ex parte application that the trial court had previously declared Paul a vexatious litigant, and the FAC contained essentially the same allegations as the dismissed Complaint. Solera argued that the FAC should be dismissed because Paul, for all intents and purposes, was a plaintiff in the FAC. Because he had been declared a vexatious litigant and the Hupps had failed to obtain permission to file the FAC, the FAC must be dismissed under section 391.7(c).

Attached to Solera's ex parte application for dismissal was a declaration by Solera's attorney, Theodore Dokko, stating that more than 10 days had passed since the Hupps were served with the notice of the January 7, 2014, vexatious litigant order, and Paul had not obtained approval from the presiding judge to file the FAC. During the morning of February 9, 2016, Dokko called Aristea and Paul, and left voice mail messages notifying them that Solera would be seeking an order of dismissal of the FAC or, alternatively, requesting a stay of all litigation.

9

Dokko stated in his supporting declaration that he had also sent both Paul and Aristea a notice by email that same morning. The emails provided notice of the date, time, and place for the presentation of the application, and the nature of the relief to be requested. Copies of the emails were attached to Dokko's declaration. The emails sent on February 9, 2016, informed Paul and Aristea that a hearing on Solera's ex parte application for dismissal of the FAC under section 391.7 would take place on February 10, 2016, at 8:30 a.m. The address of the court and department were also provided. Dokko stated he did not know whether Aristea or Paul intended to attend the ex parte hearing or oppose the ex parte application for dismissal.

In support of the ex parte application for dismissal, Solera filed a request for judicial notice, which included copies of (1) the January 7, 2014, vexatious litigant order, (2) the Hupps's federal district court complaint filed on August 21, 2015, (3) the October 8, 2015, federal district court order dismissing the Hupps's complaint without leave to amend, (4) the Hupps's Complaint filed in the Riverside County Superior Court on October 23, 2015, (5) Solera's motion to quash filed on November 24, 2015, (6) the notice of ruling granting Solera's motion to quash on December 24, 2015, and (7) the Hupps's FAC filed on January 12, 2016.

On February 10, 2016, the trial court heard and granted Solera's ex parte application for dismissal of the FAC. The Hupps did not appear at the hearing or file opposition. A week later, Aristea filed a motion for reconsideration of the order granting Solera's ex parte application for dismissal. The motion was calendared for April 4, 2016. Aristea stated in her supporting declaration the following facts: she did not receive any

10

notice of the vexatious litigant order or the ex parte application to dismiss; she had not been declared a vexatious litigant; she had personally called the court clerk around 8:00 p.m. on February 9, 2016, and left a voice mail message stating she opposed Solera's ex parte application to dismiss; and she also called the court clerk on February 10, 2016, around 8:00 a.m., stating that she opposed Solera's ex parte application. The court clerk purportedly told Aristea she would tell the judge this.

On March 1, 2016, before the trial court heard Aristea's motion for reconsideration, the court entered a judgment of dismissal of the action. At the hearing on Aristea's motion for reconsideration on April 4, 2016, the trial court denied the motion on the ground judgment had already been entered. Therefore the court did not have jurisdiction to rule on the motion for reconsideration under *APRI Inc. Co. Superior Court* (1999) 76 Cal.App.4th 176, 181. The court also denied the motion on the ground there were no new or different facts (§ 1008, subd. (a)). Paul appeared at the hearing on his own behalf. He also attempted to appear on behalf of Aristea, who was not present, but was not permitted to do so because he was not licensed to practice law in California. After the court denied her motion for reconsideration, Aristea filed a notice of appeal of the March 1, 2016, judgment of dismissal.

III

EX PARTE APPLICATION FOR DISMISSAL

Aristea's sole contention on appeal is that the order granting Solera's ex parte application for dismissal under section 391.7 violated her due process rights to proper notice and a meaningful opportunity to be heard before the court dismissed her action.

11

*A. Standard of Review*

The trial court's order granting Solera's ex parte application for dismissal is reviewed for an abuse of discretion. (*Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 194 (*Forrest*).) "Under that standard, we determine 'whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered.' [Citation.] We presume an order is correct and imply findings necessary to support the judgment. [Citation.] An abuse of discretion must be clearly established to merit reversal on appeal. [Citation.] To the degree resolution of the appeal requires statutory interpretation, we undertake that review de novo. [Citation.]" (*Ibid*.)

*B. Forfeiture*

Aristea argues Solera waived its vexatious litigant defense by not raising it when Solera first appeared in the action. Aristea argues Solera failed to raise the vexatious litigant objection in Solera's request for judicial notice filed in support of Solera's motion to quash, and also did not raise it in the notice of ruling on the motion. We find no merit to this proposition. There was no such waiver or forfeiture.[6] There is no requirement that the notice of vexatious litigant order must be filed when the defendant first appears in the action. Section 391.7(c) states: "If the clerk mistakenly files the litigation without the [prefiling] order, any party may file with the clerk and serve, or the presiding justice

---

[6] "Although the loss of the right to challenge a ruling on appeal because of the failure to object in the trial court is often referred to as a "waiver," the correct legal term for the loss of a right based on failure to timely assert it is 'forfeiture,' because a person who fails to preserve a claim forfeits that claim. In contrast, a waiver is the '"intentional relinquishment or abandonment of a known right."'" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2.)

12

or presiding judge may direct the clerk to file and serve, on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation." This provision indicates there is no time limitation on when the matter must be raised.

In addition, there was no forfeiture because Solera's initial appearance, when Solera filed its motion to quash the summons and Complaint, was a special appearance. The motion to quash was granted with leave to amend the Complaint. Two weeks after Aristea filed the FAC, Solera, specially appearing, filed the notice of vexatious litigant order. Under these circumstances, the filing of Solera's request for judicial notice in support of the motion to quash and the notice of ruling on the motion did not forfeit or waive Solera's vexatious litigant objection to the FAC.

*C. Dismissal of the FAC under section 391.7(c)*

Aristea's FAC was dismissed under the vexatious litigant statutes because the FAC sought relief on behalf of Paul, who had been declared a vexatious litigant under section 391. The trial court apparently concluded that the FAC was an attempt by Paul to circumvent the vexatious litigant statutes which prohibited him from filing the complaint in propria persona.

**1. Vexatious Litigant Law**

Vexatious litigant statutes, such as section 391.7, were enacted "to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues." (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008; in accord, *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220 (*Bravo*).) These persistent and obsessive litigants' abuse

13

of the legal system "not only wastes court time and resources but also prejudices other parties waiting their turn before the courts." (*In re Bittaker,* at p. 1008; *Bravo,* at p. 221.) The Legislature enacted sections 391.1 through 391.6 in 1963, to moderate a vexatious litigant's tendency to engage in meritless litigation. (*Bravo,* at p. 221.) Under these sections a defendant may stay pending litigation by moving to require a vexatious litigant to furnish security if the court determines there is not a reasonable probability the plaintiff will prevail. (§§ 391.1, 391.4; *Bravo,* at p. 221.)

In 1990, the Legislature enacted section 391.7, which provides the courts "with an additional means to counter misuse of the system by vexatious litigants. Section 391.7 'operates beyond the pending case' and authorizes a court to enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. [Citation.] The presiding judge may also condition the filing of the litigation upon furnishing security as provided in section 391.3. (§ 391.7, subd. (b).)" (*Bravo, supra,* 99 Cal.App.4th at p. 221.)

Section 391.7(c) provides in relevant part that "[t]he clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing." If the court clerk mistakenly files litigation submitted by a vexatious litigant without the order, as in the instant case, any party may file a notice that the plaintiff is a vexatious litigant. (§ 391.7(c); *Forrest, supra,* 150 Cal.App.4th at p. 195.) This automatically stays the litigation. The vexatious litigant must obtain an order of permission to file the complaint within 10 days of the filing of that notice. Otherwise the

14

litigation is automatically dismissed.  (*Ibid.*)  Where a plaintiff has already been declared vexatious, a defendant moving under section 391.7 need not again establish the plaintiff's status.  (*Bravo, supra,* 99 Cal.App.4th at p. 225.)  Section 391.7 has been broadly construed.  (*Forrest,* at p. 195.)

**2.  Due Process Right to Notice and an Opportunity to Be Heard**

Aristea contends her due process rights were violated by not receiving proper notice of the ex parte application to dismiss or a copy of the moving papers before the hearing.  She argues she was entitled to 16 court days' notice of the hearing and a copy of the moving papers under section 1005, subdivision (b).  Aristea asserts that, as a consequence, she did not have an opportunity to file a meaningful response or attend oral argument on such short notice.

Section 1005, subdivision (b), provides in relevant part:  "***Unless otherwise ordered or specifically provided by law***, all moving and supporting papers shall be served and filed at least 16 court days before the hearing.  The moving and supporting papers served shall be a copy of the papers filed or to be filed with the court.  However, if the notice is served by mail, the required 16-day period of notice before the hearing shall be increased by five calendar days . . . .  [¶]  The court, or a judge thereof, may prescribe a shorter time."  (Emphasis added.)

If a plaintiff is a vexatious litigant who has been served a notice of vexatious litigant order under section 391.7(c), the section 1005 notice requirements are superseded by section 391.7(c) which provides that "[t]he litigation shall be ***automatically dismissed*** unless the plaintiff within 10 days of the filing of that notice obtains an order from the

15

presiding justice or presiding judge permitting the filing of the litigation as set forth in subdivision (b)." (§ 391.7(c); emphasis added.) It is well established that, even though the vexatious litigant statute, section 391.7, allows for automatic dismissal without compliance with section 1005 notice requirements, section 391.7 does not deny the vexatious litigant access to the courts. The vexatious litigant law "operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs. [Citation.] *Vexatious litigant statutes are constitutional and do not deprive a litigant of due process of law*." (*Bravo, supra,* 99 Cal.App.4th at pp. 221-222; italics added.)

Here, Solera served the Hupps on January 25, 2016, with a notice of vexatious litigant order, indicating that the trial court mistakenly permitted the filing of the FAC, in violation of the January 7, 2014, order declaring Paul a vexatious litigant. Neither Paul, a vexatious litigant, nor Aristea, who had not been deemed a vexatious litigant, obtained an order of permission to file the Complaint or FAC. After the 10-day period ran, Solera filed its ex parte application to dismiss. As discussed below, dismissal of the FAC was proper under section 391.7 as to Paul, but not as to Aristea, who had not been declared a vexatious litigant.

## 3. Dismissal Founded on Paul's Vexatious Litigant Status

When the FAC was filed, Paul was a vexatious litigant subject to the prefiling requirements under section 391.7. Therefore Paul was prohibited from filing any litigation unless he first secured permission to file from the presiding judge. (*Forrest, supra,* 150 Cal.App.4th at p. 195; § 391.7(c).) The record on appeal shows that Paul

16

failed to secure permission to file the Complaint or FAC on his own behalf. The Complaint named only Aristea as a plaintiff in the caption, although the body of the Complaint contained numerous allegations indicating Paul was a plaintiff seeking recovery in the Complaint. The FAC omitted some of the allegations regarding Paul but still included numerous facts and claims involving Paul. Paul did not respond to Solera's notice of vexatious litigant order filed in the instant case and did not obtain prefiling permission to allege his claims in the FAC. He also did not oppose dismissal of the FAC or appear at the hearing on Solera's ex parte application to dismiss the FAC. Therefore Paul forfeited any objections to dismissal of the FAC as to any claims alleged on his behalf, and Paul is not a party to this appeal.

Aristea argues on appeal, however, that she can assert claims on Paul's behalf in this action under the Davis-Stirling Act. We disagree. She does not have standing to assert Paul's claims. Furthermore, Paul cannot circumvent the vexatious litigant statutes by having his mother file a complaint (the FAC) seeking recovery on his behalf. Because Paul was declared a vexatious litigant, it was proper for the trial court to dismiss under section 391.7(c) all claims made by or on behalf of Paul in the FAC, regardless of whether he was named a plaintiff in the FAC caption.

## 4. Dismissal of Aristea's FAC Claims

Whether the trial court had authority under the vexatious litigant statutes to dismiss FAC claims personal to Aristea appears to be an issue of first impression. There does not appear to be any case law directly on point. There are several cases, such as *In re Shieh* (1993) 17 Cal.App.4th 1154 (*Shieh*), *Say & Say, Inc. v. Ebershoff* (1993) 20

17

Cal.App.4th 1759 (*Say & Say*), and *In re Kinney* (2011) 201 Cal.App.4th 951, which extend the vexatious litigant law to vexatious litigants who are attorneys or to a corporation that serves as the alter ego of a vexatious litigant. These cases are not dispositive here. Aristea is not an attorney, she is not represented by an attorney, she is not a vexatious litigant or the alter ego of a corporation that is a vexatious litigant, and she is asserting personal claims in her own name, separate from those of Paul. Even though Paul likely was the instigator of the instant litigation and may have prepared Aristea's pleadings in this case, there is no direct evidence of this before this court and there does not appear to be any legal authority supporting dismissal of Aristea's separate claims alleged in the FAC under section 391.7, when to date she has not been declared a vexatious litigant.

In *Shieh, supra,* 17 Cal.App.4th 1154, the trial court held a hearing on an order to show cause why the plaintiff, Liang-Houh Shieh, should not be declared a vexatious litigant. Virtually every lawsuit Shieh filed involved attempts to relitigate his claims against various lawyers and law firms. The trial court declared Shieh a vexatious litigant under section 391, subdivision (b)(4), and issued a prefiling order under section 391.7, subdivision (a), prohibiting him from filing any new litigation in propria persona or through an attorney without first obtaining leave from the presiding judge. (*Shieh,* at pp. 1167-1168.)

Normally, under section 391.7, a vexatious litigant is required to obtain a prefiling order only if the litigant is in propria persona. The *Shieh* court, however, concluded the case presented unusual circumstances warranting requiring Shieh also to obtain a

18

prefiling order when represented by an attorney. This was because Shieh was an attorney and the trial court found it was clear he, rather than his attorneys, had drafted all of the groundless, frivolous pleadings and briefs. (*Shieh, supra,* 17 Cal.App.4th at p. 1167.)

The *Shieh* court further concluded that previous prefiling orders that permitted Shieh to file litigation if he was represented by an attorney "had no discernible effect on Shieh's out-of-control litigation." (*Shieh, supra,* 17 Cal.App.4th at p. 1167.) The *Shieh* court concluded this was because, "[i]n short, it is clear that Shieh does not engage attorneys as neutral assessors of his claims, bound by ethical considerations not to pursue unmeritorious or frivolous matters on behalf of a prospective client. [Citation.] Rather, these attorneys who ostensibly 'represent' Shieh serve as mere puppets. Based on these facts, we conclude a prefiling order limited to Shieh's in propria persona activities would be wholly ineffective as a means of curbing his out-of-control behavior." (*Ibid.*)

*Shieh, supra,* 17 Cal.App.4th 1154, involved entirely different circumstances than those in the instant case. Aristea is not challenging an order declaring her or Paul a vexatious litigant. In addition, Aristea had never been declared a vexatious litigant and the record does not show that she had a history of bringing frivolous claims while represented by attorneys acting as "mere puppets." Here, Paul had already been declared a vexatious litigant. It is undisputed that he could not allege any claims or seek any relief in the FAC, because he did not obtain a prefiling order allowing him to do so.

Aristea may very well have been serving as a "mere puppet" or conduit for Paul to allege his own claims against the defendants. As to those FAC claims, dismissal was proper. But dismissal of Arista's separate, personal claims under the vexatious litigant

19

statutes was not proper, regardless of whether Paul drafted the Complaint and FAC on her behalf. Aristea had not been declared a vexatious litigant and there was no vexatious litigant order requiring a prefiling order whenever Aristea was a coplaintiff with Paul.

Shortly after the court decided *Shieh, supra,* 17 Cal.App.4th 1154, the court in *Say & Say, supra,* 20 Cal.App.4th 1759, held that Say & Say, Inc. (Say Inc.),[7] incorporated by Shieh's wife, was a vexatious litigant subject to the vexatious litigant law. (*Say & Say,* at p. 1770.) On two occasions, courts previously had determined that Say Inc. and Shieh were the alter egos of one another. In *Shieh*, the court likewise noted that Say Inc. was a corporation owned and controlled solely by Shieh. (*Id.* at p. 1766.)

After the trial court declared Shieh a vexatious litigant, Shieh added Say Inc. as a plaintiff in *Say & Say* and in his numerous other lawsuits. The trial court in *Say & Say* dismissed the case only as to Shieh because he had not posted security as a vexatious litigant under section 391.4. Both Shieh and Say Inc. appealed, even though the complaint was not dismissed as to Say Inc. On appeal, the court concluded Shieh failed to demonstrate the case had merit, denied Shieh permission to proceed with his appeal, and dismissed the appeal as to Shieh, but not as to Say Inc. (*Say & Say, supra,* 20 Cal.App.4th at p. 1762.)

The appellate court thereafter issued an order to show cause as to whether Say Inc. was a vexatious litigant. In making the determination on appeal, the court in *Say & Say* noted that section 391, subdivision (b), defines a vexatious litigant as a person who has in

___

[7] Employees of Shieh and Say Inc. "stated under oath that 'Say' was an anglicized version of 'Shieh.'" (*Say & Say, supra,* 20 Cal.App.4th at p. 1766.)

20

the past appeared in propria persona.  Say Inc. is a corporation, which generally cannot appear in litigation in propria persona.  Say Inc. did not appear without counsel in any litigation.  (*Say & Say, supra,* 20 Cal.App.4th at p. 1767.)  Nevertheless, the court in *Say & Say* concluded that "when well-established principles concerning disregarding the corporate fiction and utilization of a corporation to avoid a statute are applied to this case, we conclude Say & Say, Inc., is subject to the vexatious litigant law.  Further, we find as a factual matter it would be inequitable to allow the corporate fiction to permit Say & Say, Inc., to avoid the effect of section 391 et seq."  (*Ibid.*)

In declaring Say Inc. a vexatious litigant, the appellate court in *Say & Say* found that there was "no evidence of any separateness between the conduct of Mr. Shieh and the manner in which he conducted his activities . . . and those of the corporation."  (*Say & Say, supra,* 20 Cal.App.4th at p. 1769.)  Further, after the trial court determined that Shieh was a vexatious litigant, Shieh and Say Inc. jointly filed "12 separate pieces of litigation" in state and federal trial courts, and jointly filed 11 appeals.  The court in *Say & Say* found that "the only purpose for which this has been done is to evade the effects of the vexatious litigant law."  (*Id.* at p. 1769.)  Therefore "[i]t would be inequitable to allow Mr. Shieh to utilize Say & Say, Inc., to continue with his misuse of the litigation process directed at members of the legal community.  Accordingly, because we conclude that Say & Say, Inc., has been used to circumvent section 391 et seq., compelling interests in equity warrant the conclusion that Say & Say, Inc., is subject to the vexatious litigant law."  (*Id.* at pp. 1769-1770.)

21

While the court in *Say & Say, supra,* 20 Cal.App.4th 1759 found there were compelling interests in equity warranting subjecting Say Inc. to the vexatious litigant law, such equity interests do not apply here. It does appear likely that Paul is using Aristea to circumvent the vexatious litigant law and assert his own litigious interests. Nevertheless, the appropriate procedure for combating such abuse is for the trial court to declare not only Paul, but also Aristea a vexatious litigant in accordance with the vexatious litigant statutes. Unlike in *Say & Say*, the record on appeal here does not show this occurred. The notice of vexatious litigant served on January 26, 2016, seeking automatic dismissal of the FAC, was based solely on Paul having been declared a vexatious litigant.

Furthermore, in *Say & Say, supra,* 20 Cal.App.4th 1759, the court found Say Inc. to be a vexatious litigant because Say Inc. and Shieh were one and the same entity. There was no separateness or differentiation between Say Inc. and Shieh. This is not the case as to Aristea and Paul. They are separate individuals, with potentially separate interests and rights. Therefore, this court cannot at this stage of the proceedings, where Aristea has not been declared a vexatious litigant, uphold dismissal of her separate claims alleged in the FAC based on Paul having been declared a vexatious litigant.

We recognize that "[a] court has inherent power, upon a sufficient factual showing, to dismiss an action '"shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process."' [Citations.] That power, exercised after a hearing and upon sufficient factual showing, is a different power than the virtually ministerial power granted by section 391.7, subdivision (c)." (*Flores v. Georgeson* (2011) 191 Cal.App.4th 881, 887.) Here, the dismissal of the FAC was based on the

22

vexatious litigant statutes, which allow for automatic dismissal or shortened, ex parte notice of dismissal, but only as to claims brought by a vexatious litigant. Dismissal based on the court's inherent power to dismiss a sham, fictitious or meritless action requires proper notice of such proceedings under section 1005, subdivision (b), which was not provided in the instant action as to dismissal of Aristea's claims. (*Andre v. General Dynamics, Inc.* (1974) 43 Cal.App.3d 839, 846-847; *Harris v. Board of Education* (1957) 152 Cal.App.2d 677, 683 ["where dismissal rests in the discretion of the court the plaintiff should be given notice of the motion to dismiss and an opportunity to be heard thereon."]; § 583.150)

There does not appear to be any case law that addresses the circumstances in the instant case, in which one of two individuals is a vexatious litigant who appears to be instigating and perpetuating litigation through the other individual, who is also asserting her own, separate claims. Here, the vexatious litigant, Paul, is not a licensed attorney representing Aristea but appears to be pursuing his own litigious agenda by drafting and filing Aristea's pleadings. The instant case is closest factually to *In re Kinney, supra,* 201 Cal.App.4th 951, in which the plaintiff, Charles Kinney, an attorney, filed numerous lawsuits, resulting in the trial court declaring him a vexatious litigant under section 391, subdivision (b). Kinney attempted to evade the prefiling order by enlisting Kimberly Jean Kempton to stand in his stead as a plaintiff and appellant.

The court in *Kinney* concluded Kinney was "using Kempton as his proxy or puppet in order to continue his career as a vexatious litigant." (*In re Kinney, supra,* 201 Cal.App.4th at pp. 953-954.) The incessant litigation involved property owned by both

23

Kinney and Kempton. Originally they were both named as plaintiffs. After Kinney was declared a vexatious litigant, Kempton became the sole plaintiff, and Kinney was named as her attorney. During the instant appeal, the *Kinney* court issued an order to show cause why Kinney should not be declared a vexatious litigant while acting as Kempton's attorney.

In deciding the matter, the *Kinney* court found that "[i]n this instance, the individual who was declared a vexatious litigant, Charles Kinney, is purporting to act as attorney for Kimberly Kempton. In reality, Kempton is merely acting as a puppet or conduit for Kinney's abusive litigation practices. Kinney recently acknowledged as much, telling the trial court that the only reason he was not the named plaintiff is because "'I'm a vexatious litigant and it takes too long to get approval" to sue.'" (*In re Kinney, supra,* 201 Cal.App.4th at p. 959.)

The *Kinney* court further found that Kinney stood to directly benefit from the litigation because he was a co-owner of the property at issue. In addition, he was not acting as a neutral assessor of Kempton's claims, "bound by ethical considerations not to pursue unmeritorious or frivolous matters on behalf of a prospective client." (*In re Kinney, supra,* 201 Cal.App.4th at p. 959, quoting *Shieh, supra,* 17 Cal.App.4th at p. 1167.) The court stated that, instead, Kinney was using Kempton as a "strawman" plaintiff, while Kinney "pursues obsessive, meritless litigation against the hapless residents of this state who have the misfortune to be his neighbors. Kinney has demonstrated a pattern of using the judicial system as a weapon in an unrelenting quest to get advantages that he does not deserve, imposing onerous litigation costs on his

24

opponents that he does not incur himself because he is a lawyer. He is one 'for whom litigation has become a game.'" (*In re Kinney*, p. 959.) The *Kinney* court therefore issued a prefiling order prohibiting Kinney, from filing any new litigation, either in his own name or in the name of Kempton without first obtaining leave of the presiding judge under section 391.7, subdivision (a). (*Id.* at pp. 960-961.)

The instant case is distinguishable from *Kinney* in several significant ways. Aristea may have been acting as a mere puppet or conduit for Paul's abusive litigation practices, but Paul was not representing Aristea as her attorney of record. On one occasion he attempted to appear on her behalf but was told he could not do so because he was not licensed to practice law in California. In addition, this case does not involve an order to show cause why Paul or Aristea should not be declared a vexatious litigant. This case concerns the trial court's dismissal of Aristea's complaint based on a notice of a vexatious litigant order solely against Paul. The order in *Kinney*, on the other hand, was issued by the appellate court and prohibited a previously declared vexatious litigant attorney, Kinney, and not Kempton, from filing any new litigation, either in his own name or in the name of Kempton without first obtaining a prefiling order. Unlike in the instant case, the *Kinney* court did not dismiss the entire complaint, including Kempton's claims.

The instant case is unique in that it involves a complaint containing allegations by a mother and her son, in which the mother, Aristea, is not barred under section 391.7(c) from bringing her own personal claims based on her own property interests, but her son, Paul, is a vexatious litigant barred from bringing any claims under section 391.7(c). In

25

addition, the FAC was filed with the court, rather than rejected by the court clerk or automatically dismissed under section 391.7(c). Instead the trial court heard and granted Solera's ex parte application for dismissal of the FAC in its entirety.

While we conclude the trial court erred in dismissing ex parte Aristea's personal claims alleged in the FAC, we emphasize that this outcome is not intended to open the floodgates to vexatious litigants using "confederate" parties who have no personal rights or interests in the claims brought by vexatious litigants. The instant decision is intended to be narrowly construed to apply only to precluding dismissal under section 391.7(c) of valid claims by nonvexatious litigants in actions which also include improper claims brought by vexatious litigant. Under such circumstances, the nonvexatious litigant's valid, personal claims should not be dismissed ex parte under section 391.7(c). Only the vexatious litigant's claims are subject to dismissal.

We also reject Solera's argument raised during oral argument in this court that, if we reverse the trial court's dismissal of Aristea's FAC claims, this court would be improperly adding implicit language to section 391.7(c) that does not exist. Solera argues this court would be implicitly adding the word "solely" to section 391.7(c) to state: "The clerk may not file any litigation ["*solely*"] presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing."

This court is not adding any language to section 391.7(c). To the contrary, we are narrowly applying section 391.7(c) as written to the unique facts and circumstances of this case. Solera urges this court to construe section 391.7(c) as requiring the trial court

26

to dismiss under section 391.7(c) claims brought by a nonvexatious litigant when such claims are in a complaint that includes claims brought by a vexatious litigant. We reject this proposition because section 391.7(c) only refers to litigation presented by vexatious litigants. There is no language requiring dismissal of a nonvexatious litigant's claims. And we shall not implicitly add such language to section 391.7(c), particularly when doing so would lead to dismissal of a nonvexatious litigant's claims, in violation of the nonvexatious litigant's due process rights.

Here, Paul appears to have been undeterred in wreaking havoc on the judicial system and defendants after having been declared a vexatious litigant, by unlawfully, without a California license to practice law, drafting and filing pleadings on behalf of his mother. Nevertheless, where Aristea's separate claims are at stake in this action and where she has not been declared a vexatious litigant, we conclude the trial court improperly dismissed Aristea's FAC as to those claims personal to Aristea. We leave it to the trial court to determine by noticed motion whether the totality of the circumstances illuminated in this appeal and by evidence presented at the hearing support orders (1) declaring Aristea a vexatious litigant, as a coconspirator in Paul's "'campaign of litigation terror'" (*Shieh, supra,* 17 Cal.App.4th at p. 1164) and (2) prohibiting Paul, a previously declared vexatious litigant, from drafting pleadings or filing any new litigation, either in his own name or in the name of Aristea, without first obtaining leave of the presiding judge under section 391.7.

IV

DISPOSITION[8]

The judgment of dismissal is affirmed as to any claims or allegations in the FAC

which are brought by or benefit Paul. The judgment of dismissal is reversed as to all

claims solely personal to Aristea. The trial court is directed on remand to order stricken

from the FAC all allegations mentioning Paul and all claims benefiting or seeking

recovery on behalf of Paul. The parties shall bear their own costs on appeal.

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

---

[8] Solera filed a request for judicial notice on August 3, 2016, requesting judicial notice of the following documents: (1) this court's order filed on March 3, 2014, denying Paul's application for permission on February 5, 2014, to file an appeal from the superior court's January 13, 2014 order dismissing his complaint and (2) Paul and Aristea's complaint filed on March 1, 2016, in the federal district court. Solera's request for judicial notice is denied on the ground the two documents were not before the trial court when it ruled on Solera's application to dismiss Aristea's complaint and therefore are not relevant to the instant appeal.

Aristea filed a request for judicial notice on August 23, 2016, requesting judicial notice of two documents, (1) a trial court order entitled, "Ruling on Submitted Matter," and (2) a trial court minute order on the same matter. Both documents were filed on July 28, 2016, in case No. RIC 1515215, and concerned an order to show cause regarding whether Aristea qualified as a vexatious litigant. Aristea's request for judicial notice is denied on the ground the two documents are not relevant to this appeal. They concern a different case and were not before the trial court when it ruled on Solera and Huntsman's application to dismiss Aristea's complaint.

28