Filed 6/2/26 Ingraham v. Gonzalez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| MARK INGRAHAM, | B350852 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. 25STRO06765) |
| v. | |
| JOSE GONZALEZ, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Archuleta and Latrice A.G. Byrdsong, Judges. Affirmed.

Mark Ingraham, in pro. per., for Petitioner and Appellant.

No appearance for Respondent.

_____

Mark Ingraham appeals from the trial court's October 27, 2025 order denying Ingraham's request for a temporary

restraining order and setting a hearing on his request for a civil harassment restraining order against Jose Gonzalez.  Ingraham has not met his burden on appeal to show the trial court erred in denying his request.  We therefore affirm.

In addition, this is Ingraham's seventh appeal (or writ petition) that has been decided against him.  On May 1, 2026 we issued an order to show cause why the court should not declare Ingraham a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(1).[1]  We gave Ingraham 15 days to file a letter brief addressing why he should not be declared a vexatious litigant and made subject to the prefiling order requirements of section 391.7, subdivision (a).  On the same day Ingraham filed a reply to the order show cause stating, "I repeatedly asked court to ban me.  Court never reads anything I file."  On May 8 we sent Ingraham a notice indicating he had until May 20 to submit a written request for oral argument and advising him that absent a request, we would issue a written ruling based on his letter brief.  Ingraham did not respond to our notice.  We declare Ingraham a vexatious litigant pursuant to section 391, subject to a prefiling order under section 391.7 requiring him to seek approval for any new litigation.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2025 Ingraham filed a request for a civil harassment restraining order, in which he alleged that Gonzalez

---

[1]  Further undesignated statutory references are to the Code of Civil Procedure.

2

harassed him on October 25, 2025.[2]  It appears from Ingraham's request that Gonzalez is a police officer with the Los Angeles Police Department (LAPD).  In response to the question on the request form asking how Gonzalez harassed him, Ingraham responded, "You are asking me to provoke a test case."  Ingraham requested as relief to "[o]rder LAPD to explain why officers attempt[ed] to arrest me at 690 S Cataline St Apt 4x," to "[i]nform LAPD I will kill all officers who come near me," and to "[o]rder court to either arrest me or restrain LAPD."  Ingraham sought an order that Gonzalez stay at least 999 yards away from him and to "[a]uction and destroy all LAPD property."

On October 27, 2025 the trial court issued an order titled "Notice of Court Hearing" (order) setting a hearing for November 14, 2025 on Ingraham's request for a civil harassment restraining order.  The order stated that Ingraham's request was "DENIED until the court hearing," explaining, "The court needs more information at a properly noticed hearing prior to issuing any orders."  (Capitalization omitted.)  The order stated Ingraham "must personally give (serve) a court's file-stamped copy of this [notice of court hearing] to [Gonzalez]," in addition to the request for civil harassment restraining order and other specified court documents.

On October 31, 2025 Ingraham filed a notice of appeal from the October 27 order.[3]

---

[2]    On our own motion we augment the record with Ingraham's October 27, 2025 request for a civil harassment restraining order. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[3]    Although the order is titled as a notice of court hearing, we treat the order as an appealable order because it denies Ingraham's request for a temporary restraining order.  (§ 904.1,

## DISCUSSION

A.   *Ingraham Has Not Shown Error*

Ingraham's sole contention on appeal (as part of his "[t]able [o]f [a]uthorities") is that "[a]s the majority of LAPD officers are illegal immigrants, all actions by LAPD are illegal, and all LAPD vehicles should be auctioned and destroyed to prevent use by illegals."  Ingraham's one-page opening brief provides no facts, no legal argument, and no citation of authority, in violation of California Rules of Court, rule 8.204(a)(1), which requires that an appellate brief "(B) [s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"; and "(C) [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter

---

subd. (a)(6).)  Ingraham did not check the box on the request form stating he was seeking a temporary restraining order, but the trial court treated his request as seeking this relief.  We note the appellate record and trial court docket do not reflect that Ingraham served Gonzalez with his request for a restraining order or any trial court documents, leading (in part) to the trial court dismissing the case without prejudice at the November 14, 2025 hearing.  Ingraham has not appealed that order.

Further, the proofs of service filed in the Court of Appeal are missing information.  For example, the proof of service of the notice of appeal filed in this court is missing the names of the person providing service and the person being served, and it fails to specify the means of service.  The proof of service of Ingraham's opening brief and appellant's appendix states the documents were mailed to Jose Gonzalez at 100 W. 1st Street in Los Angeles, the address for the LAPD headquarters.

4

appears. If any part of the record is submitted in an electronic form, citations to that part must identify, with the same specificity required for the printed record, the place in the record where the matter appears."

Further, for an appellant to meet his or her burden on appeal, the appellant must overcome the presumption that the trial court's order is correct and "must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities." (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070; accord, *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) Moreover, where, as here, the appellant "makes contentions unsupported by proper record citations or cogent legal arguments, we may treat the contentions as forfeited." (*LNSU #1*, at p. 1070; accord, *Coziahr v. Otay Water Dist.* (2024) 103 Cal.App.5th 785, 799 ["Points must be supported by reasoned argument, authority, and record citations, or may be deemed forfeited"].) Ingraham did not present any basis in the trial court for issuance of the restraining order (stating only that the form requested he "provoke a test case"), and he has not presented any cogent argument on appeal. We therefore affirm the court's order.

B.     *We Declare Ingraham a Vexatious Litigant*

In the last seven years Ingraham has commenced six appeals or petition for writs that have been decided adversely to him. Section 391, subdivision (b)(1), defines a vexatious litigant as a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria

5

persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . ." Section 391, subdivision (a), defines "'litigation'" as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." Filing of an appeal or writ petition in the court of appeal constitutes "litigation" as defined by section 391, subdivision (a). (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406 (*Garcia*); *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005-1007.) The courts of appeal have the authority to declare a litigant vexatious in the first instance. (*John v. Superior Court* (2016) 63 Cal.4th 91, 99.)

A litigation is "finally determined adversely to a plaintiff" if the plaintiff does not win the action or proceeding he or she began, including cases that are voluntarily dismissed by the plaintiff or involuntarily dismissed for procedural defects, and the avenues for direct review have been exhausted. (*Garcia, supra*, 231 Cal.App.4th at pp. 406-407 & fn. 5; see *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1173-1174 (*Fink*) [affirming order declaring plaintiff vexatious litigant based in part on two appeals that were dismissed for untimely notices of appeal]; *In re Marriage of Falcone & Fyke, supra*, 203 Cal.App.4th at p. 1006 [declaring spouse in dissolution proceeding a vexatious litigant based on five litigations filed in appellate court, including an appeal dismissed for failure to file opening brief].)

With respect to an appellate court's summary denial of a writ petition, although the denial qualifies as a "litigation" under section 391, subdivision (a), the matter has not been "finally determined adversely to the person" under section 391, subdivision (b), if the writ petition challenged a "'pretrial superior

6

court ruling[] that could also be reviewed on appeal from the judgment ultimately entered in the action.'" (*Fink, supra,* 180 Cal.App.4th at p. 1172, citing *Leone v. Medical Board* (2000) 22 Cal.4th 660, 670.) The *Fink* court continued, "[a] summary denial of such a writ petition therefore cannot constitute a *final* determination of litigation within the meaning of section 391, subdivision (b)(1)." (*Fink*, at p. 1172.) The court distinguished this type of writ petition from "'situations in which a writ petition was the only authorized mode of appellate review.'" (*Ibid.*, citing *Leone*, at p. 670.) Where a writ petition is the only authorized mode of appellate review, the appellate court's denial "is properly considered a final determination of litigation for purposes of qualifying for vexatious litigant status under section 391, subdivision (b)(1)." (*Fink*, at p. 1173.)

"The vexatious litigant law was enacted to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them. [Citations.] The abuse of the system by such individuals 'not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.'" (*Garcia, supra,* 231 Cal.App.4th at p. 406; accord, *Hupp v. Solera Oak Valley Greens Assn.* (2017) 12 Cal.App.5th 1300, 1311 ["These persistent and obsessive litigants' abuse of the legal system 'not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.'"]; see *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 ["The vexatious litigant statutes . . . are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through

groundless actions, waste the time and resources of the court system and other litigants."].)

If, after notice and an opportunity for a hearing, the court determines a plaintiff is a vexatious litigant, the court may enter a prefiling order that prohibits the plaintiff from filing new litigation without first obtaining leave from the presiding justice or judge of the court where the plaintiff intends to file.  (§ 391.7, subd. (a) [a "court may, on its own motion . . . enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."]; see *In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 48-49.)  "The presiding justice or presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay."  (§ 391.7, subd. (b).)  Further, "[t]he presiding justice or presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3."  (*Ibid.*)

"The 'prefiling requirement "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs."'"  (*In re Marriage of Deal, supra,* 80 Cal.App.5th at p. 77; accord, *Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280-281; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221-222.)

Ingraham meets the definition of a vexatious litigant under section 391, subdivision (b)(1), because in the immediately

8

preceding seven-year period he has commenced, prosecuted, or maintained in propria persona at least five litigations that have been finally determined adversely to him (prior to this case),[4] including the following:

(1) *Ingraham v. Superior Court of Los Angeles County* (B348321) (petition for writ of mandate seeking extraordinary relief with respect to judge's refusal to issue decision because Ingraham had dismissed the case, denied August 21, 2025);

(2) *Ingraham v. Superior Court of Los Angeles County* (B348714) (petition for writ of mandate seeking extraordinary relief with respect to judge's denial of Ingraham's request for judgment because Ingraham had dismissed the case, denied September 5, 2025);

(3) *Ingraham v. Superior Court of Los Angeles County* (B352170) (petition for writ of mandate seeking extraordinary relief from superior court clerk's alleged refusal to transmit appeal to court of appeal and motion to fire the court clerk, denied February 11, 2026);[5]

---

[4] On our own motion we take judicial notice of the records in each case.  (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

[5] The petitions for writ of mandate denied in case Nos. B348321, B348714, and B352170 were not taken from pretrial rulings or other rulings that could have been reviewed in an appeal from a later judgment.  Accordingly, the summary denials were final determinations under section 391, subdivision (b)(1).  (*Fink, supra*, 180 Cal.App.4th at p. 1173.)

9

(4) *Ingraham v. Department of Public Social Services* (B352462) (appeal from minute order denying "Motion for Order Response," dismissed on March 13, 2026 as taken from a nonappealable order);

(5) *Ingraham v. Department of Public Social Services* (B353030) (appeal from denial of peremptory challenge under § 170.6, dismissed April 15, 2026); and

(6) *Ingraham v. Los Angeles County Sheriff's Department Court Services Division* (B352830) (appeal from superior court minute order dismissing petition for writ of mandate without prejudice; appeal from denial of petition dismissed on April 22, 2026 as taken from nonappealable order).

A plaintiff is entitled to notice and a hearing at which he or she may present oral argument and evidence prior to being declared a vexatious litigant. (*Bravo v. Ismaj, supra,* 99 Cal.App.4th at p. 225.) As discussed, in our order to show cause we provided Ingraham notice of our intent to declare him a vexatious litigant and offered him an opportunity to appear at a hearing on the order to show cause. We also provided notice to Ingraham that he could make a written request for a hearing on the order to show cause, but he did not respond to our notice.

Accordingly, we conclude Ingraham is a vexatious litigant within the meaning of section 391, subdivision (b)(1) and (3). Further, it is appropriate to enter a prefiling order prohibiting Ingraham from filing any new litigation in the courts of this state without first obtaining leave of the presiding justice or presiding

10

judge of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).)

## DISPOSITION

The trial court's October 27, 2025 order is affirmed.

Ingraham is declared a vexatious litigant and may not file any new litigation in the courts of this state without first obtaining leave of the presiding judge or justice of the court in which he proposes to file the litigation.  (§ 391.7, subd. (a).) Before filing any appeals or writ petitions in the Court of Appeal, Ingraham must seek leave from the Administrative Presiding Justice.  Disobedience of this order may be punished as a contempt of court.  (*Ibid*.)

The clerk of this court is directed to provide a copy of this opinion to the Judicial Council.  (§ 391.7, subd. (f).)  A copy shall also be provided to the presiding judge of the Los Angeles County Superior Court.


FEUER, J.

We concur:



SEGAL, Acting P. J.



STONE, J.